[Nos. 16479, 16480. Department Two. December 22, 1921.]

ALBERT R. CARLSON et al., Respondents, v. GEORGE W. HERBERT et al., Appellants.

ETHEL ANNA CARLSON, by Albert R. Carlson, her Guardian ad Litem, Respondent, v. GEORGE W. HERBERT et al., Appellants.[1]

APPEAL (414)—REVIEW—VERDICT. The verdict of the jury upon conflicting evidence is conclusive on appeal upon all questions properly submitted to the jury.

MUNICIPAL CORPORATIONS (383, 391)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether a pedestrian, acting under emergency in seeking to avoid being run over by an automobile, acts as an ordinarily prudent man would under the circumstances, is a question of fact for the jury.

SAME (392)—USE OF STREETS—INSTRUCTIONS. In actions by a mother and a minor child for personal injuries inflicted by defendant, a requested instruction that if the child was in the custody of the mother at the time, and that the accident and resulting injury to the child was the result of the mother's negligence the child could not recover, if conceded to be the law, was properly refused where the evidence showed the negligence of defendant, without contributory negligence on the part of either plaintiff.

TRIAL (35, 38)—SUFFICIENCY OF OBJECTIONS—MOTION TO STRIKE. In an action for personal injuries inflicted on a pedestrian by an automobile, a statement, volunteered by an expert witness on speed, that an automobile could probably be stopped on a slippery street within thirty feet if it had chains on the car, even if not responsive to the question, was not erroneous in the absence of a motion to strike.

MUNICIPAL CORPORATIONS (388)—USE OF STREETS — ACTIONS — ADMISSIBILITY OF EVIDENCE. Where an automobile operator was charged by a complaint in an action for personal injuries with negligently driving his car at a dangerous and unlawful rate of speed, it was not error to admit testimony by a witness qualified as an expert on speed and on stopping cars under varying conditions, that defendant's car could have been stopped within thirty feet if there had been chains on his wheels.

[1]Reported in 203 Pac. 30.

SAME (392)—USE OF STREETS—ACTIONS—INSTRUCTIONS. In an action for personal injuries suffered as the result of a pedestrian being struck on a city street by an automobile, the court properly charged the jury that "no person driving or operating a motor vehicle should drive or operate the same in any other than a careful and prudent manner, nor at a greater speed than is reasonable and proper, having due regard to the traffic or use of the way by others, or so as to endanger the life and limb of any person."

Appeal from judgments of the superior court for King county, Hall, J., entered December 11, 1920, upon verdicts of a jury rendered in favor of the plaintiffs, in consolidated actions for personal injuries sustained by pedestrians struck by an automobile. Affirmed.

*Morris B. Sachs,* for appellants.

*Glenn C. Beechler,* for respondents.

Holcomb, J.—Respondents Albert R. Carlson and Ida M. Carlson, his wife, and Ethel Anna Carlson, by Albert R. Carlson, her guardian *ad litem,* brought separate actions against the appellants, George W. Herbert and the Mutual Union Insurance Company, a corporation, alleging, that the defendant Herbert was the owner and operated an automobile for hire as a jitney on the streets of Seattle; that the Mutual Union Insurance Company is a corporation licensed to issue bonds for indemnity and become surety on bonds of the kind sued upon in these actions; that it was surety on Herbert's bond, given and filed pursuant to the laws of Washington; that, on December 10, 1919, between 5 and 7 o'clock p. m., respondent Ida M. Carlson and her daughter, Ethel Anna Carlson, were walking west on the south side of Virginia street, and across Westlake avenue, streets of Seattle, where Westlake avenue intersects with the south line of Virginia street, the child being in the custody of the mother, and in crossing the street, the mother was using due care;

that appellant Herbert drove his automobile careless-
ly, negligently, at a high, dangerous and unlawful rate
of speed, and ran into Ida M. Carlson and Ethel Anna
Carlson, and that the collision was without any fault
on the part of Ida M. Carlson.

It is alleged that both mother and daughter were in-
jured, and that some of their clothing was damaged.
For the injuries to the mother and for medical atten-
tion $625 is claimed, and for damage to her clothing
$125; for the daughter, the father, acting as guardian
*ad litem,* demanded $720 for her injuries, and $30 for
damages to her clothing.

Answer in both cases deny the negligence charges,
deny that Ida M. Carlson was using due care, and deny
the injuries, damage and loss alleged to have been sus-
tained by the parties.

By way of affirmative answer and affirmative de-
fense, appellants plead contributory negligence of re-
spondent, the mother, as the proximate cause of the
accident which resulted in the injuries, loss and dam-
age, if any. By reply, the defense of contributory
negligence is denied. By stipulation of the parties, the
court ordered the two cases consolidated for trial, and
they were so tried. Separate verdicts were returned
by the jury, awarding $750 in each case to respondents.

The first claim of error urged by appellants is upon
the refusal of the court to grant their motion, made at
the close of respondents' case, for nonsuit and dismis-
sal of the two actions.

It is claimed that the evidence shows that respond-
ent Ida M. Carlson was guilty of negligence in the
premises, which was the proximate cause of and con-
tributed to the accident.

As usual in such cases, there is a conflict in the evi-
dence; we are bound, however, to accept the verdict of
the jury upon the conflicting evidence as conclusive

upon all questions properly submitted to the jury. The facts as shown by respondents are, that the accident occurred between five and six o'clock in the evening on December 10, 1919. Respondent Ida M. Carlson was walking west on the south side of Virginia street and started to cross the intersection of this street with Westlake avenue. She had her infant daughter, five years of age, who is plaintiff in the other consolidated case. Appellant Herbert was driving his car north on Westlake avenue at a speed, as fixed by some of the witnesses, of between twenty-five and thirty miles per hour. The pavement was slippery, being covered with snow and ice. The street "slanted" or sloped somewhat. As he approached respondents at the intersection, Mrs. Carlson, holding her child by the hand, had started from the sidewalk to cross the street. She looked in all directions to see if a car was coming. She did not see the Herbert car when she stepped off the sidewalk. She first caught sight of the Herbert car when he was trying to pass another car, and was coming at such a fast rate of speed that it (the Herbert car) seemed quite a little distance, and she thought she would have plenty of time to cross over, but he came back of this other car and swerved. He swerved first toward the other side of the street, and then swerved toward her. By the other side of the street she meant the west side of the street toward which he first swerved, and then he swerved back toward the east side of the street and struck respondents.

She further testified that, when she first saw Herbert's car, she knew if she went ahead she would get hit, and thought if she stepped back she would miss him, or he would miss her, but he swerved in very close to the curb of the sidewalk that she had just left. The lights on the Herbert car were bright and blinding.

After the collision with respondents, Herbert's car skidded from the southeast corner of the intersection entirely across to the northeast corner, which was shown to be a distance of 145 feet. Mrs. Carlson was dragged or pulled under the car that entire distance, and got out from under the car when it came to a stop. Mrs. Carlson was corroborated by other witnesses, some of whom saw the Herbert car up the street a distance of 125 or 150 feet, traveling very fast, and first swerving toward the center of the street, and then swerving back toward the curb.

Under such circumstances, the law is that, being in imminent danger, an emergency is presented, and whether, under this emergency, the respondent acted with due prudence is, under all of the authorities, a question of fact for the jury. The law does not scrutinize too carefully an act done by one who has been put in a position of danger by the one who inflicts the injury upon him, leaving it for the jury to say, under such circumstances, whether the act in seeking to avoid the danger was the act of an ordinarily prudent man. *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529; *Lindstrom v. Seattle Taxicab Co.*, 116 Wash. 307, 199 Pac. 289.

The court did not err, therefore, in denying the motions for nonsuit and to dismiss the actions, but would have erred had it granted them. And for the same reasons the court did not err in denying the motions for directed verdicts and for judgments notwithstanding the verdicts.

Some argument is made by appellants to the effect that, in view of the court instructing the jury that contributory negligence could not be plead against an infant of the age of five years, the court should have granted appellant's request for an instruction that if

the jury should find from the evidence that, at the time and place mentioned, the plaintiff minor child was in the care and custody of her mother, and that at that time the accident and resulting injury were due to the carelessness and negligence of the mother, and was not due to the carelessness and negligence, as plead in the complaint, of the defendants in the case, the verdict should be for the defendants.

This request the court denied for the reason stated that if there was no negligence on the part of defendant Herbert in the action, then there could be no recovery in any event. Upon the evidence in support of the cases of respondents, as summarized herein, the jury resolved them as showing negligence of appellant Herbert.

Appellants concede that we have established the rule that, "Negligence of the parent cannot be imputed to the child in an action brought for the benefit of the child and not for the benefit of the mother," *Gregg v. King County,* 80 Wash. 196, 141 Pac. 340, Ann. Cas. 1916C 135; but contend that none of the cases decided by us have gone so far as to hold that a child could recover in a case in which the negligence of the parent exercising direct and immediate control over the child who was injured in an accident which was caused or contributed to by the negligence of the parent; that, if the parent could not recover for injuries sustained, therefore the child could not be permitted to recover. The court instructed the jury that, in the case of the child's action, Ethel Anna Carlson, she being a child of tender years, to wit, five years of age at the time of the accident, she is presumed in law not to possess discretion, hence she cannot be charged with contributory negligence. Appellants contend that, in view of that instruction, the court should have instructed the jury, as

requested, to the effect that the child should be charged with the contributory negligence of the mother, who had her then in charge.

We feel it unnecessary to pass upon this precise question of law, for the reason that the facts as shown in the case, and as resolved by the jury in favor of respondents, were that appellants were negligent, and therefore no negligence of either plaintiff contributed to the cause of the injury.

Appellants also contend as a ground for reversal that the court committed error in law during the trial of the case, based upon the following:

While Harold Reardon, a witness for respondents, was testifying, he was asked by plaintiff's attorney:

"Q. Were there any chains on the car? A. No, sir; there were no chains on the car at all. If he had chains on, he probably could stop in 30 feet, might be 30 feet. Mr. Sachs: We object to this and ask that it be stricken. There is no ground of negligence alleged in the complaint here charging us with not having chains on the car in the operation of this car. Mr. Beechler: The state law provides that a person has to be careful in driving. The Court: I will overrule the objection."

Exceptions were asked and allowed.

It is true no allegation in the complaint charges the defendants with negligence in operating the automobile without chains. Appellants, however, did not show the entire setting and context of the evidence complained of.

The witness Reardon had qualified to testify as to the speed of cars and of the kind of car operated by Herbert in particular, and in doing so had testified that, under ordinary conditions on a street of the kind in question, when it was dry, and the car going at the rate of twenty or twenty-five miles per hour, it could have been stopped in from twenty to twenty-five feet.

He was then asked, "When the street is in a slippery condition such as this street was in, would you say a person would go further before he would stop?" He answered, volunteering the statement: "If he had chains on I don't think he would have." He was then asked if there were chains on the car, and he answered there were no chains on the car. If he had chains on, the car could probably be stopped in thirty feet. The evidence as to the chains was somewhat of the nature of volunteered evidence, not called for by the precise question asked, but if erroneous it should have been stricken on motion of appellants, which was not done.

We do not consider it erroneous, however, for the reason that, although negligence in not having chains was not pleaded by respondents, they did plead that appellant Herbert was driving his automobile carelessly and negligently, at a high, dangerous and unlawful rate of speed, and this witness qualified as an expert on speed, and on stopping cars under varying conditions, and testified that if Herbert had had chains on his car he could probably have stopped in thirty feet. This was merely testifying as to the conditions under which Herbert was operating his car. It was the duty of Herbert, in operating his car, to consider all the conditions under which he was so operating. The street being slippery and the car going at what might have been determined to be a reckless and negligent speed, under these conditions, it was his duty to consider that he could not stop as quickly without chains as he could with chains, and went, therefore, to the question of his carelessness and negligence in operating his car at the speed at which he did operate it under the circumstances shown.

The trial court correctly defined negligence, contributory negligence, and also proximate cause, to the

jury, and instructed them that, "No person driving or operating a motor vehicle should drive or operate the same in any other than a careful and prudent manner, nor at a greater speed than is reasonable and proper, having due regard to the traffic or use of the way by others, or so as to endanger the life and limb of any person," and instructed them as to the speed limit in various sections of the city, and generally upon any street or road in the state of Washington, and that they must find from a clear preponderance of the evidence that, at the time alleged in the complaint, the injuries were sustained by the parties because of the negligence of Herbert, substantially as alleged in the amended complaint; and that they should further find that, at the time alleged, plaintiff Ida M. Carlson was free from contributory negligence. We are satisfied that the jury were correctly instructed as to the law of the cases, and that no error occurred.

The judgments are affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.