NELLIE B. ROGERS, administratrix, *vs.* ANNIE M. PHILLIPS.

SAME *vs.* SAME.

SAME *vs.* FRED G. PHILLIPS.

SAME *vs.* SAME.

Suffolk.     March 15, 1910. — June 27, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* In use of highway·   *Bicycle.*

If one, who is riding a bicycle on a straight, broad, smooth and unincumbered road in open daylight, is proceeding on the right hand side of the road near the curbstone, and an automobile is behind him going in the same direction but so far behind him that he reasonably may expect its driver to see him turn in time to avoid a collision, it is not negligence as matter of law for the rider of the bicycle to turn in front of the course of the automobile and begin to cross the road for the purpose of going back in the opposite direction, and, if under these circumstances the automobile runs him down, causing injuries which result in his death, in actions by the administrator of his estate against the driver and the owner of the automobile for such injuries and death, the question of the due care of the plaintiff's intestate is for the jury.

FOUR ACTIONS OF TORT, two at common law for injuries and consequent conscious suffering, and two under R. L. c. 171, § 2, for causing death, brought by the administratrix of the estate of Richard Rogers, who died on September 17, 1906, from injuries sustained in a collision between a bicycle which he was riding and an automobile owned by the defendant Fred G. Phillips and driven by his wife, the defendant Annie M. Phillips. Writs dated, two on February 8 and two on April 2, 1907.

In the Superior Court the four cases were tried together before *Brown,* J. There was evidence from which the jury might have found conscious suffering of the deceased. The accident happened upon the Lynn Shore Boulevard, a public highway, at a point nearly opposite Wolcott Road, shortly after three o'clock in the afternoon on September 13, 1906. The weather was fair · and the boulevard at and near this point was smooth, level and straight. The facts bearing upon the due care of the plaintiff which could have been found upon the evidence are stated in the opinion.

At the close of all the evidence, the judge at the request of

the defendants ruled that there was no evidence that the deceased was in the exercise of due care, and, upon this ground, ordered a verdict for the defendant in each case. The plaintiff duly excepted to the ruling, and the judge thereupon reported the cases for determination by this court. If the ruling was right, judgment was to be entered for the defendants; if the ruling was wrong, a new trial was to be granted.

*H. H. Fuller*, for the plaintiff.

*C. G. Metzler*, (*W. L. Pullen* with him,) for the defendants.

HAMMOND, J. The collision occurred upon a straight, broad, smooth road in open daylight. There were no other travellers, either in vehicles or on foot, to obstruct the view or distract the attention. The whole road for the time being was for the use of each of the vehicles in question, subject only to the right of the other; and yet the collision occurred. Was there evidence of due care of the deceased who was upon the bicycle? That is the only question raised upon this record.

The case is close. The burden was upon the plaintiff to show due care of the deceased. And she does not meet this burden simply by showing that there was an accident and that thereby the deceased was injured. It is to be noted however that this is not a case where the physical movements of the injured leading up to the accident are purely a matter of conjecture, as in a class of cases of which *Ralph* v. *Cambridge Electric Light Co.* 200 Mass. 566, is a type, nor where the movements are such as by their very nature to show negligence, as in the familiar class of cases where it is held that entering upon a railroad track at a highway crossing without looking or listening is of itself evidence of negligence; nor yet where an approaching car is so near that stepping upon the track is plainly a careless act. On the contrary there is considerable evidence as to the movements of the respective parties. While it is unquestioned that the collision would not have occurred if the deceased had not attempted to cross the road, yet it cannot be ruled as a general proposition of law that a traveller is necessarily negligent because he attempts to cross a street even without first looking or listening to ascertain whether a vehicle is approaching. Such a traveller has a right in the absence of anything to the contrary to assume that other persons using the highway will exercise a proper degree of

care toward him. *Bowser* v. *Wellington*, 126 Mass. 391. *Purtell* v. *Jordan*, 156 Mass. 573. *Hennessey* v. *Taylor*, 189 Mass. 583, and cases cited. When there is a collision upon the highway, the question whether there is negligence on the part of either of the actors is ordinarily a question of fact for the jury. *Hennessey* v. *Taylor*, *supra*, and cases cited.

The evidence in the present case was somewhat conflicting, but we think the jury might properly have found that while the deceased was riding his bicycle on the right side of the road near the curbstone, and while the automobile was behind him going in the same direction, he determined to retrace his steps and for that purpose began to cross the road ; that the automobile was so far behind him that it reasonably might have been expected that the defendant would see him, and that if she should see him she could and would by the exercise of proper care on her part so manage the automobile as to avoid a collision. Crossing the road under such circumstances would not necessarily be negligent as matter of law. The question of the negligence of the act would be one of fact for the jury. Nor do we see in the other circumstances of the case anything absolutely conclusive in law against the existence of due care on the part of the deceased. Upon the whole evidence this question, as it ordinarily is in cases of collision between travellers upon the highway, was one of fact for the jury.

It follows that the ruling was wrong. In accordance with the terms of the report the entry is

*New trial granted.*