[No. 12017. Department One. December 1, 1914.]

HENRY SHEFFIELD, *Respondent*, v. UNION OIL COMPANY, OF CALIFORNIA, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT USE—COLLISION— CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFICIENCY. Whether a bicyclist, who was run down from behind by a motor truck, was guilty of contributory negligence, is a question for the jury, where it appears that he had been riding near the curb, and, seeing the truck about half a block behind him near the curb, he turned out to near the center of the street, to give the truck an opportunity to pass to the right, as required by Rem. & Bal. Code, § 5569, and on hearing it close behind, again turned to the left between the car rails, and continued a short distance, until the truck was close behind and he was in a position of imminent peril, when he turned to the right, his wheel skidded on the rails, and he fell, and it cannot be said from the evidence that the driver of the truck had not had ample time to pass on the right, if disposed to do so.

TRIAL—INSTRUCTIONS—COMMENT ON FACTS. In an action for personal injuries sustained by being run down by an automobile, it is not an unlawful comment on the facts for the court, in instructing the jury, to refer to the place as "in the thickly settled part of the city," where the fact was not very material, nor disputed, and the jury viewed the place.

[1]Reported in 144 Pac. 529.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered January 12, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Brightman, Halverstadt & Tennant*, for appellant.

*Carkeek, McDonald & Kapp*, for respondent.

Morris, J.—Respondent brought this action to recover damages for personal injuries sustained in being struck by a motor truck of the appellant. He recovered in the court below, and this appeal followed.

The facts, so far as they are material to the questions submitted by the appeal, are about as follows: On May 9, 1913, at about nine o'clock in the morning, the respondent was riding a bicycle, going west on Jackson street, Seattle. Coming to the intersection of Jackson street with First avenue south, he looked to the right and saw the motor truck of the appellant coming south on the west side of First avenue south, and at about one block to the north. Appellant continued across First avenue south and, when near the west curb on the north side of the crossing, he looked again and saw the motor truck about half a block away near the west curb. He then turned and rode his wheel west of the center of the street between the west curb and the west car rail. When near the south margin of the crossing, he heard the motor truck coming close behind him and turned his bicycle into the middle of the west car track in order to let the motor truck pass. He so continued for a short distance when, hearing the motor truck immediately behind him and being of the opinion that unless he turned out he would be run down, he turned his bicycle to the right and, as his wheel struck the west rail of the car track, it skidded and he started to fall when he was struck by the motor car.

The facts are sufficient to establish negligence on the part of the appellant, and the finding in this respect is not seri-

ously questioned, the main contention here being (1) that respondent was guilty of contributory negligence, as a matter of law, in turning his bicycle to the right in the effort to avoid the truck, and (2) that the court in one of its instructions made an erroneous comment upon the facts.

Appellant's first point is predicated upon Rem. & Bal. Code, § 5569 (P. C. 33 § 15), providing that the driver or operator of "every automobile or motor vehicle shall . . . turn to the right in passing vehicles, teams and persons moving or headed in the same direction." Without recurring to the evidence from which it so appears, it is shown that the respondent at the time he turned to the right was in a position of great danger. The motor truck was not more than three or four feet behind him and constantly gaining, and it was evident that, unless he or the driver of the truck changed his course, a collision was inevitable. Being in imminent danger, an emergency was presented, and whether, under this emergency, the respondent acted with due prudence is, under all the authorities, a question of fact for the jury. The law does not scrutinize too carefully an act done by one who has been put in a position of danger by the one who inflicts injury upon him, leaving it for the jury to say under such circumstances whether the act in seeking to avoid the danger was the act of an ordinarily prudent man. It is true, we have said in a number of cases, and it is undoubtedly the law, that the failure to observe the law of the road is negligence. But this rule must be applied in connection with the circumstances under which its observance is called for, and as applied to the facts in this case, we do not think that we can say, as a matter of law, that respondent's act was such as to preclude his recovery. We cannot say, in the face of the verdict, that ample time had not been given the driver of the truck to turn to the right for the purpose of safely passing respondent, had he been disposed to do so, and the respondent was not justified in assuming the truck would not so turn.

The second point is that the court, in one of its instructions, referred to the place where the accident happened as "in the thickly settled part of the city." It does not seem to us that this was such a comment upon the facts as necessitates a holding of error. So far as we can gather from the pleadings and the record, the place where the accident occurred does not seem to have been very material. At least it was not a material fact in the case as to whether or not the accident occurred in a thickly settled portion of the city. There was no attempt on the part of appellant to show that the place was other than as described by the respondent in his pleading and evidence. The appellant admits that the accident occurred at the place referred to by the respondent in his complaint, and an inspection of the place was had by the jury; so that the reference to the fact by the court in his instructions does not do violence to any rule prohibiting the courts from taking judicial notice of the streets of a city, assuming for the sake of the argument that such a rule exists and would be applicable to the facts in this case.

We cannot uphold appellant's contentions of error, and the judgment is affirmed.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.