[No. 16197.  Department Two.  March 10, 1921.]

F. L. Spencer, *Respondent*, v. Arthur Magrini *et al.,*
*Appellants.*[1]

Municipal Corporations (379, 389)—Use of Highway—Mutual
Rights—Negligence—Evidence—Sufficiency. The driver of an
automobile in a city, which crashed into a car ahead when it
turned out to avoid a car parked at the curb, is guilty of contri-
butory negligence, where he was following within four or five feet
of the car ahead; since that car had the right of way.

Appeal from a judgment of the superior court for
Pierce county, Fletcher, J., entered March 27, 1920,
upon findings in favor of the plaintiff, in an action for
damages, tried to the court on the merits. Affirmed.

*A. G. Laffin,* for appellants.

*H. P. Jones,* for respondent.

Mount, J.—This action was brought to recover dam-
ages on account of a collision between two automobiles.
The case was tried to the court without a jury, and re-
sulted in a judgment in favor of the plaintiff for
$426.65 and costs. The defendants have appealed.

The appeal presents only questions of fact. It ap-
pears that, on December 5, 1919, at about ten o'clock
that night, the respondent's automobile was being
driven north on the right side of G street, in the city of
Tacoma. The appellant's car had come up behind re-
spondent's car and followed for about a block. Ap-
pellant testified that his car was traveling at about
eighteen miles per hour and that he followed about
fifteen feet behind respondent's car and that, sudden-
ly when appellant's car was within four or five feet of
respondent's car, the respondent's car turned sharply
to the left without warning and that there was no op-

[1]Reported in 195 Pac. 1041.

portunity to avoid the collision and that appellant's car ran into the left side of respondent's car and both cars were damaged.

Witnesses for respondent testified that, as respondent's car was traveling near the right curb of the street at the rate of seven or eight miles per hour, he came to another car parked on the right side of the street; that respondent's car turned to the left to avoid the parked car, and that appellant's car, without any warning, crashed into the side of respondent's car.

The trial court found that appellant was driving his car carelessly because he was following too closely behind respondent's car. We are of the opinion that there can be no escape from that conclusion. It is at once apparent that appellant was traveling faster than respondent's car, otherwise there could have been no collision. Appellant, according to his own evidence, was only four or five feet behind respondent's car when respondent was required to turn to the left to avoid the parked car. It was clearly the duty of appellant to avoid respondent's car in front of him. The respondent's car had the right of way over the car behind. Respondent was required to avoid the car parked at the side of the street and turned to the left in order to do so. If the appellant desired to pass the respondent's car, it was his duty to give some warning and also to keep far enough to the left to avoid the respondent's car. This he did not do. He was therefore negligent.

It was claimed by appellant that respondent's car attempted to turn around in the street and in attempting to do so was negligent. Respondent disputed that claim and we are satisfied that the evidence does not justify the claim. We are satisfied the court properly

found that the appellant was negligent and that respondent was not negligent. The appellant was therefore liable.

Judgment affirmed.

PARKER, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.