[No. 16448. Department One. September 1, 1921.]

# W. P. KAUFMAN, *Respondent,* v. AUGUST SICKMAN *et al., Appellants.*[1]

HIGHWAYS (58)—USE FOR TRAVEL—DRIVER OF AUTOMOBILE—CONTRIBUTORY NEGLIGENCE. One lawfully using a public highway is not required by any rule of law to be constantly looking and listening to ascertain if an automobile is approaching, in order that he may avoid any imputation of contributory negligence for injuries received.

SAME (52, 57)—USE FOR TRAVEL—DRIVER OF AUTOMOBILE—NEGLIGENCE—EVIDENCE—SUFFICIENCY. In an action for damages resulting from a collision between automobiles, the negligence of defendant was established by evidence showing that the chauffeur was driving at the rate of thirty to forty-five miles an hour through a village, that he had an unobstructed view of the road for over 300 yards, that he glanced aside to wave to a friend and did not see the signal of the driver of the other car indicating that he was going to turn across the road.

SAME (58)—USE FOR TRAVEL—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. Whether a person injured in the collision of two automobiles as the result of the negligence of the other driver was himself guilty of contributory negligence was for the jury, where the evidence showed he stopped at the side of the highway, and, intending to turn to the left, glanced behind some fifteen seconds before getting in his car, saw no approaching car, then released the brake, started his car, and threw out his hand as a signal that he was going to turn to the left, and his car was struck by the other car on the left-hand side behind the front wheel and carried a distance of about seventy-five feet.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. In an action for personal injuries, a verdict for $1,185 for pain, suffering and shock, $958.33 for permanent injuries; $534 for loss of time, and $122 for medical and hospital expenses, was not excessive, where it appeared plaintiff was seriously injured, the skin and flesh from his forehead were lacerated to the bone and hung down over his eyes, he was delirious for some time, remained in the hospital ten days, suffered severe mental shock and his neck was probably permanently injured.

MACKINTOSH, J., dissents.

[1]Reported in 200 Pac. 481.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered November 17, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in an automobile collision.   Affirmed.

*G. E. Lovell* and *E. A. Davis,* for appellants.

*Adams & Miller* and *S. B. Kaufman,* for respondent.

HOLCOMB, J.—The collision involved in this action occurred upon a broad, straight, dry, improved highway, in broad daylight. The facts which could be found in favor of respondent were as follows:   At about 11 o'clock a. m., on May 6, 1920, respondent, driving a Ford touring car, stopped on the right side of the road, in front of a store, to inquire his way. Upon being informed, he returned to his car, cranked the engine, closed the door to the back seat, looked back of him towards the north, from which direction he had come, to see if any cars were approaching behind him, saw none, got in the car, released the brake, threw out his left hand as a signal that he was going to turn to the left, and started, within a quarter of a minute after his look backward, slowly to turn around and go in the opposite direction.   The Ford car had been headed south, and when starting to turn around proceeded very slowly from where it was standing, and when almost to the middle of the road, and almost cross-wise of the road, was struck by a Buick limousine belonging to appellants Rieker and wife, and driven by appellant Sickman, their agent, and at a rate of speed estimated by witnesses at from thirty to forty-five miles per hour. The Ford was struck by the other car on the left-hand side behind the front wheel, and was carried south a distance of about seventy-five feet, and, according to

witnesses, was carried forty feet or more before striking the ground.

The store where respondent stopped was at the side of the highway in the village of Ralston. The road was a permanent, improved highway, and straight to the north, until it crossed a railroad track at grade, for about three hundred yards, and for about fifty yards beyond the railroad track, to where it makes a turn. It was therefore possible to see from the store up the road over three hundred yards. There were no travelers, either vehicles or pedestrians, to distract the attention, and the whole road for the time being was for the use of each of the vehicles in question, subject only to the rights of the other; and yet the collision occurred. There is testimony also that, just before striking respondent's car, Sickman, the driver of the limousine, glanced to the right side of the road, recognized an acquaintance, and waved his hand at him. Sickman admitted seeing the Ford car about fifty feet in front of him before he struck it. He said he attempted to avoid striking it by first turning to the right, and then turning to the left; that he was obliged to release the brakes on his car because it was skidding. He gave no signal by horn or otherwise. There was testimony that the Buick could have been stopped in twenty or twenty-five feet had it been going at the rate of twenty or twenty-five miles per hour, as claimed by Sickman, on a smooth dry road.

Appellants rely on three contentions for reversal: (1) plaintiff's evidence is insufficient as to defendants' negligence; (2) plaintiff's evidence shows contributory negligence on behalf of the plaintiff, and (3) the damages were excessive.

Appellants contend that the law of the case, if the case should be submitted to the jury, was as requested in their requested instruction No. 3, as follows:

"You are instructed that when the driver of an automobile is about to cross a highway it is his duty to look behind him and ascertain whether an automobile is approaching from that direction; and if he does not look he is guilty of negligence in the operation of his car."

There is no imperative rule of law requiring one, when lawfully using public highways, to be constantly looking and listening to ascertain if an automobile is approaching, under the penalty that, upon failure so to do, if he is injured, his own negligence must be conclusively presumed. *Hennessey v. Taylor,* 189 Mass. 583, 76 N. E. 224; *Gerhard v. Ford Motor Co.,* 155 Mich. 618, 119 N. W. 904; *Rogers v. Phillips,* 206 Mass. 308, 92 N. E. 327, 28 L. R. A. (N. S.) 944, the same case on second appeal, 217 Mass. 52, 104 N. E. 466; *Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649. Some of the cases above cited are cases of pedestrians crossing streets, but we know of no stricter rule as to the duty of a person in an automobile crossing a street or a country road than applies to pedestrians. In the *Johnson* case, above cited, we said:

"While it is also true that there was nothing to prevent the respondent's glancing in the direction of the automobile and governing her progress by its actual rather than its presumed movements, it is also true that there was nothing to prevent the driver from glancing in the direction of the crossing and seeing that the respondent was taking a straight course thereon unconscious of the dangerously rapid approach of the automobile, and governing his movements accordingly."

and further:

"The inquiry is thus narrowed to this: was the respondent, as a matter of law, guilty of contributory negligence in not continuously observing the automobile, which she saw a block distant when she entered

upon the crossing, in order to avoid being run down by it?''

The same reasoning applies here. Respondent was in a place with his car where he had a right to be. Fifteen seconds before starting to turn, he looked and saw no car coming from the rear. He had the right to assume that any other person upon the highway in an automobile would exercise due care for his safety. Under the evidence in support of his case, he showed that he observed the rule of the road, or custom, by putting out his hand to the left as a signal that he was going to turn to the left. Had the driver of appellants' car been exercising due care for respondent's safety, instead of at the moment observing a person at the side of the road and waving to him, he might have seen the signal given by respondent and averted the collision.

At any rate, it seems clear that the negligence of appellants is established by the evidence, and that the question of whether or not respondent used due care for his own safety, under the circumstances, was a question for the jury. We are not willing to lay down the rule that a person in an automobile, driving across the road under such circumstances as appear to have existed in this case, would necessarily be negligent, as a matter of law, if he did not instantly look behind him before starting across the road. *Rogers v. Phillips, supra.*

We conclude, therefore, that the instruction requested was properly refused, and also that the case was one for the jury.

It is also contended that the verdict was excessive.

Respondent was very seriously injured. The skin and flesh from his forehead were lacerated to the bone and hung down over his eyes. He was delirious for

some time and it was twenty-four hours before he could be removed to a hospital, where he remained ten days. A doctor testified that, besides the cuts and bruises above mentioned, his nose was deeply cut; that his left knee cap was scraped; that he vomited blood; that he suffered severe mental shock and continued nervousness; and that his neck was severely injured so that it still left an impairment to the movement of the neck, and some discomfort, which will probably be permanent.

The jury allowed $1,185 for pain, suffering and shock; $958.33 for permanent injuries; $534 for loss of time, and $122 for medical and hospital expenses. We are unable to say that these damages were in any way excessive under the evidence which supported the various items.

Judgment affirmed.

PARKER, C. J., BRIDGES, and FULLERTON, JJ., concur.

MACKINTOSH, J., dissents.