[No. 19299. Department One. July 15, 1925.]

F. D. QUIGLEY, *Appellant,* v. S. S. BARASH, *Respondent.*[1]

TRIAL (157)—FINDINGS—CONSTRUCTION. A finding in an action for an accounting between partners that it is fair and equitable to disallow one-half of certain expenses, is not insufficient as a mere conclusion of law, when taken in connection with another finding that such half was expended by one party on his own business, and not for the partnership.

COURTS (40)—RULE OF DECISION—CORRECTION IN SAME COURT. Until findings are signed, it is within the power of the trial court to correct or change statements made in his oral decision.

Appeal from a judgment of the superior court for King county, John S. Jurey, judge *pro tempore,* entered October 31, 1924, upon findings in favor of the defendant, in an action for an accounting, tried to the court. Affirmed.

*W. U. Park,* for appellant.

*Ryan & Desmond* and *Wesley J. Mifflin,* for respondent.

ASKREN, J.—This is an action for an accounting, and upon a trial before the court judgment was entered in favor of the defendant in the sum of $134.88. The statement of facts having heretofore been stricken, the only question before this court is whether the findings of fact support the conclusions of law and judgment.

The findings of fact are somewhat numerous and need not be set out in detail, but it is sufficient to say that the court found that the parties had entered into a partnership in 1922 for the purpose of carrying on in Seattle a business known as "Totem Tours," the business of the partnership being to arrange and conduct trips to Alaska, the respondent taking care of the inside work, and the appellant to solicit hotels and

[1]Reported in 237 Pac. 732.

other interests in Alaska to take care of the tourists sent there by the parties; that the appellant made a preliminary trip through Alaska making such arrangements, and that both parties in the performance of their respective services incurred and paid certain expenses; that the expenses proven by the respondent were proper expenses; that appellant's expense account was $694.30 and had been incurred while appellant was in Alaska in furtherance of the business; that, during such trip, the appellant engaged in personal business in which the partnership had no interest whatsoever, and that the business so transacted on his own behalf was of large and substantial character, but that, notwithstanding such fact, the appellant charged all the expense of the trip to the partnership. The court then found "that it is fair and equitable that but one-half of said expense account be charged and allowed against the partnership." The court then concluded, as a matter of law, that only one-half of the appellant's expense account should be charged to the partnership.

It is appellant's contention that the portion of the finding, as follows: "that it is fair and equitable that only one-half of said expense account be charged and allowed against the partnership" is merely a conclusion of law and is not a finding of fact. It may be that, strictly speaking, this sentence is not a finding of fact, yet, taken in conjunction with the previous findings that the expense was incurred in the transaction of the personal business of appellant as well as the business of the partnership, and that the personal business of appellant was of a large and substantial character, we think this statement may be considered as an ultimate conclusion or deduction to be drawn from the previous findings. Nor can we agree with the contention of appellant that, if this statement were stricken from the

findings, there would be nothing left upon which to base the conclusions of law and judgment, for, when the court found as a fact that, on the same trip when he was engaged in the business of the partnership, the appellant also engaged in business of a large and substantial character for himself, it would be justified in concluding, as a matter of law, that the partnership should bear only one-half of the expenses.

Some contention is made that the trial court at the close of the testimony gave an oral decision adverse to its written findings. The court's oral decision was not a finding of fact, and under our repeated decisions the final ruling was "within the breast of the court" until it entered its formal findings. *Wishkah Boom Co. v. Greenwood Timber Co.*, 100 Wash. 472, 171 Pac. 234.

The judgment is affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and MAIN, JJ., concur.