[No. 20601.   Department Two.   September 22, 1927.]

J. E. WATKINS *et al., Respondents,* v. INTERSTATE
COACH COMPANY *et al., Appellants.*

T. H. BOWIE *et al., Respondents,* v. INTERSTATE COACH
COMPANY *et al., Appellants.*

F. W. ANDERSON *et al., Respondents,* v. INTERSTATE
COACH COMPANY *et al., Appellants.*

B. J. LYONS *et al., Respondents,* v. INTERSTATE COACH
COMPANY *et al., Appellants.*[1]

[1] HIGHWAYS (53, 58)—ACTION FOR INJURIES—MEETING AND PASSING
OTHER VEHICLES—QUESTION FOR JURY. The contributory negli-
gence of the driver of the last car in a funeral procession, in
acting in a sudden emergency when the head of the procession
came to a sudden stop, is for the jury without over-nice
scrutinizing his action in choosing between going into a ditch
or hitting a car ahead, stopped on the pavement, where reason-
able minds might differ as to the best course.

[2] HIGHWAYS (53, 58)—NEGLIGENCE (15)—MEETING AND PASSING—
PROXIMATE CAUSE OF INJURY—CONCURRING CAUSES. The fact that
a stage driver, in driving to the left side of the road to pass a
standing truck, in the face of a funeral procession passing the
truck, did not come in actual contact with any of the oncoming
cars, does not relieve the stage company from liability for
placing such cars in a perilous situation resulting in unavoid-
able damage without contributory negligence on the part of
any of them; and the inability of the last car in the line to stop
in time, cannot be regarded as an intervening cause excusing
the stage company from the consequence of its negligence as
the proximate cause of an injury which occurred during the
continuance of its causation.

Appeals from judgments of the superior court for
Spokane county, Webster, J., entered December 21,
1926, upon the verdict of a jury and findings by the
court in favor of the plaintiffs, in consolidated actions
for damages resulting from a collision of motor ve-
hicles, tried to the court. Affirmed.

[1]Reported in 259 Pac. 393.

*McCarthy, Edge & Lantz,* for appellants.

*Tustin & Chandler,* for respondents.

ASKREN, J.—This appeal is a consolidation of four actions brought by separate plaintiffs against the defendant stage company for damages sustained in May, 1926. From a judgment entered in favor of each plaintiff, the defendant has appealed.

On the afternoon of May 4, 1926, at about 2:00 p. m., the several respondents were part of a funeral procession going from Spokane to Colfax, where interment of the deceased, Mrs. H. C. Blair, was to take place. The cortege consisted of seven cars. The flower car came first, followed by the hearse. The next five cars owned by the following persons were in the named order: Prof. H. C. Blair, Miss Schelle, H. M. Blair, J. E. Watkins, and J. B. Lyons. The hearse and flower car, at the time of the accident, were proceeding somewhat in advance, while the five cars just referred to were approximately fifty feet apart from each other. A truck belonging to one Whiteman was driven onto the paved roadway, facing the funeral procession, and left standing with about one-half of the vehicle on the pavement. As the procession approached the truck and when the lead car, owned by Prof. Blair, was about on a line with it, a stage coach owned by appellant, going in the same direction as the truck, and opposite to that of the procession, suddenly left its right side of the road to go around the truck. The stage in so doing came clear over to the left, or wrong, side of the pavement. Professor Blair's car was forced over to the right and onto the dirt shoulder of the road but escaped contact with the stage.

This left the stage going directly towards the Schelle car, with the stage on the wrong side of the road. Seeing the situation at a glance, the driver of the Schelle car applied the brakes and drove partly onto the dirt

shoulder with a sudden stop. In the emergency thus created, the Schelle car's driver had no time to signal the car behind. H. M. Blair, who was next in line, having received no signal, and whose only information came from the quick stop of the Schelle car, applied his brakes and turned his car to the left to avoid the Schelle car. He was able to pass by without doing more than graze the left fender. The Blair car was stopped almost crosswise of the pavement. H. M. Blair was also unable to signal the Watkins car immediately behind him, and the driver thereof was forced to emergency measures, but was able to bring his car to a stop six inches from the Blair car. The driver of the Watkins car was also unable to signal the Lyons car, and the driver of that car thought he could pass the Watkins car on the right and avoid injury. He applied his brakes and turned to the right on the dirt shoulder, but the condition of the shoulder, due to recent rains, caused the wheels to slip and slide and, to avoid going into a deep ditch at the side, the Lyons car was turned back onto the pavement, and struck the rear of the Watkins car shoving it against the H. M. Blair car, and injuring three ladies in the Watkins car and one in the Lyons car.

The Watkins action was tried to a jury which rendered a verdict in favor of the plaintiffs. The three other actions were consolidated and tried to the court who presided at the jury trial, it being stipulated that the question of negligence in the consolidated cases should be considered upon the same testimony that was given in the Watkins case.

The trial court found in favor of the plaintiffs in the consolidated cases, and approved the jury's verdict in the Watkins case.

[1] But two questions were raised on appeal: It is first urged that J. B. Lyons, the driver of the Lyons car, was guilty of contributory negligence barring re-

covery. In support of this contention, appellant has marshalled a set of facts which it believes establishes contributory negligence. These are, briefly: that Lyons had an unobstructed view ahead for a long distance; that the truck was in plain sight at a point where the stage would have to turn out around it to pass; the stage could be seen coming several hundred feet away; that the three cars immediately in front of Lyons slowed down, and that Lyons was thirty feet behind the Watkins car when that car slowed down, and, driving on a dry pavement, he could have brought his car to a standstill in from twenty to twenty-five feet.

But these facts are neither conclusive nor controlling. Assuming that Lyons had a clear view ahead, unobstructed by the four cars in line in front of him, he was not bound to assume that the stage would pass the truck at a time when the procession was approximately on a line with it, or that the stage would turn out and go onto its left hand side of the road, unless there was sufficient room not to make it dangerous for the cars properly on that side of the road.

It may be true that the Lyons car might have been stopped within the distance intervening after the driver saw the Watkins car stop, but the emergency thus created was one in which he had to use his best judgment. That judgment, which was approved by the jury's verdict, was that, by going onto the dirt shoulder, he would run less likelihood of damage to either the Watkins car or his own. Finding that the dirt shoulder was slippery and that his choice lay between a deep ditch to his left or a possible collision with the Watkins car, he turned back on the pavement with the resultant damage. His action in that regard appears reasonable and prudent. This court has never been over-nice about scrutinizing the action of one who is placed in peril by the negligent or wrongful act of

another. We have always held that, if minds of reasonable men may differ as to whether the act was that of an ordinarily prudent man, the question is one for the jury to consider. *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529; *Hellan v. Supply Laundry Co.*, 94 Wash. 683, 163 Pac. 9; *Hartley v. Lasater*, 96 Wash. 407, 165 Pac. 106.

[2] The other assignment of error is bound up somewhat in the one we have just discussed. It is claimed that the negligent act of the stage driver was not the proximate cause of the accident, but that it was only a remote cause, or the occasion, for the accident, and that the act of J. B. Lyons, in failing to stop his car, was such an intervening cause as to relieve the appellant from liability. We have already seen, in discussing the first error assigned, that the act of Lyons was, under all the circumstances, not a negligent one, and that he was therefore freed from blame. Great stress is laid by appellant upon the fact that the stage never came into physical contact with any of the cars. This is a matter of no moment, if it be once established that the driver of the stage was negligent in such a manner that the driver of the other car was placed in a position of peril. Appellant urges that, when the stage had been able to return to its own side of the road without touching any of the cars, and that four of them had stopped in safety, then Lyons' failure to stop became an intervening cause. The fallacy of this argument is, that none of the four cars had been stopped in safety until all had been safely stopped. As long as the cars were close enough together that there was danger of a sudden stopping without time to give a signal, the danger was always imminent. Numerous citations of authorities are made in the briefs as to the distinction between proximate and remote cause and the relation of intervening cause. The rules are

not difficult to state or to explain. The difficulty most often arises in their application to the facts. Agree upon the facts and the solution of the question as to whether the act is the proximate cause or the remote cause becomes simple. The jury have found as a fact that Lyons was not negligent. From this, we deduce that his car crashed into the Watkins car because that car was unable to signal for a stop. The reason the Watkins, Blair, and Schelle cars were unable to signal for a stop was because of the emergency created by the negligent act of the stage driver; from which it is clearly apparent that the stage driver prevented the signal, the absence of which caused the Lyons car to crash. Surely this makes his negligence the proximate cause.

A succinct statement of the rule is found in appellant's citation from *San Antonio & A. P. R. v. Trigo*, 101 S. W. (Tex. Civ. App.) 254, where the court said:

"If an injury is produced by a wrongful act during the continuance of its causation, it will be regarded as the proximate cause, but it will be regarded as too remote, though furnishing the occasion, when the injury occurs after the act is completed and terminated by the intervention of another and independent cause."

Applying this rule to the case at bar, it will readily be seen that the damage was not caused after the act was completed and terminated, for the succession or chain of events started by the negligent act of the stage driver had not been completed. Each one followed logically and consecutively, making the last as directly connected with, and traceable to, the stage driver's negligence as though his negligence had operated directly on the Lyons car, instead of through the intermediary of the other cars.

The judgment is affirmed.

MACKINTOSH, C. J., HOLCOMB, TOLMAN, and MAIN, JJ., concur.