[No. 20986.   Department One.   July 3, 1928.]

JAMES BURNS, *Respondent,* v. GEORGE L. STANDRING
*et al., Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (379, 383)—MUTUAL RIGHTS—PASSING
—SIGNALS—CONTRIBUTORY NEGLIGENCE.  Where the driver of an
automobile gives a timely signal of his intention to turn off the
street at an intersection, he is not guilty of contributory negli-
gence as a matter of law, in failing to look back before making
the turn, and if injured by one following and attempting to
pass, the latter's negligence is a question for the jury.

Appeal from a judgment of the superior court for
King county, Jones, J., entered April 6, 1927, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action for personal injuries resulting from a col-
lision of automobiles.  Affirmed.

*Ralph S. Pierce,* for appellant.

*Beardslee & Bassett,* for respondent.

FRENCH, J.—Plaintiff recovered damages for per-
sonal injuries resulting from a collision between a Ford
coupe, driven by the plaintiff, and a stage owned and
operated by the defendants.

About 9:00 o'clock in the evening, the defendant was
driving south on First avenue in the city of Seattle,
and at Bennett street plaintiff drove into First avenue,
and started to drive south, being at that time a dis-
tance variously estimated by the witnesses at from
seventy-five to two hundred feet ahead of the stage.
There is direct testimony in the record that the plain-
tiff, intending to turn to the left off First avenue at
the next block after he had entered that street, some
eighty or ninety feet before making the left turn held
out his hand, indicating that he was about to make a

[1]Reported in 268 Pac. 866.

left turn. On making the turn as indicated, the plaintiff was struck by the stage which was at that time attempting to pass him. There is abundant testimony in the record indicating that the stage sounded no horn indicating an intention to pass.

[1]. The assignments of error are all based upon the contention that the plaintiff was guilty of contributory negligence as a matter of law. The sole question presented is, can the court say, as a matter of law, that one driving a car and attempting to make a left turn off a highway, after having given the proper signal, is guilty of contributory negligence, if he does not also look to the rear to discover whether or not there is an overtaking car attempting to pass?

It is a question of first impression in this state, and no cases have been cited from other states, nor have we been able to find any which throw any light upon the question. We have many times held that, where a person testifies that he looked or failed to look, and did not see an object which is plainly apparent, and thus moves into a dangerous zone and an accident thereby results, he is guilty of contributory negligence as a matter of law. But in so far as this is applicable to drivers of automobiles, we think this applies only to objects in front of the driver and within his apparent range of vision. We think it clearly appears from our automobile code that it is the duty of a driver of a car to look ahead, and upon deviating from a straight course to apprise traffic to the rear of his intention by giving a proper signal. We think the driver of a car has the right to assume that overtaking traffic attempting to pass will give a timely signal as required by the automobile code. We think all the authorities hold that it is the duty of the driver of an overtaking car to exercise care with respect to the

forward car. *Spencer v. Magrini,* 115 Wash. 29, 195 Pac. 1041; *Sutton v. Bell,* 79 N. J. Law 507, 77 Atl. 42; *Barton v. Studebaker Corporation of America,* 46 Cal. App. 707, 189 Pac. 1025.

We now hold that it is the duty of the driver of an automobile to guard against traffic in front of him, to give timely warning of his intention to leave the highway, and that if, after having given timely warning of his intention to leave the highway, he is injured by an overtaking car, the question of contributory negligence is for the jury.

Affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.