[No. 23072. Department Two. June 22, 1931.]

GOTTFRIED RITTER *et al., Respondents,* v. FAIROLD L. JOHNSON, *Appellant.*[1]

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellant.

*H. G. & Dix H. Rowland, Stuart H. Elliott,* and *H. E. Donohoe,* for respondents.

BEALS, J.—This litigation is the result of an automobile accident which occurred about five o'clock in the afternoon July 3, 1929, at a point on the Pacific highway approximately five miles south of the city of Chehalis. The concrete pavement, which is twenty feet in width, was dry, the road was level and straight,

[1]Reported in 300 Pac. 518.

and comprised, in addition to the paved portion thereof, a dirt shoulder about ten feet wide on each side of the pavement.

Two cars were proceeding north; the first a Hudson coupe, operated by S. G. Fake, in which were also riding Mrs. Fake and another lady, two children occupying the rumble seat. Following the Fake car, at a distance of approximately two car lengths, came defendant, F. L. Johnson, driving his Hupmobile. The southbound procession was headed by plaintiff Gottfried Ritter in his Dodge, accompanied by his wife; next came C. W. Guerrier in his Hudson brougham, with whom was riding his thirteen year old nephew; followed in turn by R. G. Kittleson, driving a Ford truck upon which had been erected a crate suitable for hauling cattle. The cars were traveling at an average speed of about thirty-five miles an hour.

Mr. Fake suddenly put on his brakes, slowed and stopped his car. Mr. Johnson, in order to avoid crashing into the Fake car, which was immediately ahead of him, turned to his left in an endeavor to cross the road on to the west shoulder. He was unable to escape the car driven by Mr. Ritter, which struck the Johnson car on its right side. The Guerrier Hudson and the Kittleson truck were unable to stop, and continued on into the wreck.

The owners of these two latter cars assigned their claims to plaintiff, who instituted this action to recover damages suffered by himself and wife, as well as by his assignors, claiming that the accident was caused by the negligence of defendant. Mr. Johnson denied all negligence on his part, pleaded that the accident was caused by the carelessness of a third party, over whom defendant had no control, and that plaintiffs and their assignors were guilty of contributory negligence. The action was tried to the court sitting without a jury,

and resulted in judgment in plaintiffs' favor upon their own cause of action in the sum of $3,973.50, and in the sum of $75, as assignees of Mr. Kittleson. No recovery was allowed plaintiffs as assignees of Mr. Guerrier. From this judgment, defendant appeals.

At the close of the case, the court dictated a memorandum opinion, which is contained in the statement of facts now before us, stating that, in the opinion of the court, the accident was caused by the negligence of Mr. Guerrier in endeavoring to pass the respondents' car, and that Mr. Guerrier, by leaving the line of traffic and entering upon his left hand side of the road, caused Mr. Fake, in order to avoid a collision, to turn his car somewhat to his right and stop. In the opinion of the court, as then expressed, appellant, because of the sudden stopping of the Fake car, was confronted with a sudden emergency and was not in law guilty of negligence in turning to his left in order to avoid striking the car just ahead of him. The court stated that the wrong man had been sued, and that the action would be dismissed.

After this oral pronouncement by the court, respondents filed a motion for judgment in their favor notwithstanding the oral decision, or in the alternative for a new trial. After further proceedings, no findings of fact having been entered, the court filed a memorandum decision, stating that he was satisfied with the resume of the facts which he had before dictated, but that he had changed his opinion as to the law, and that he concluded, under certain decisions of this court referred to in the opinion, that appellant had been guilty of negligence and should be held liable to respondents. Pursuant to this decision, formal findings of fact and conclusions of law were signed, and judgment entered in respondents' favor.

Appellant first contends that the court erred

in entering judgment in respondents' favor, having once orally announced a decision in appellant's favor to the effect that the action would be dismissed. No judgment having been entered, the court was at liberty to change its ruling, and no error can here be predicated upon the fact that such change was made. *Landry v. Seattle, P. A. & W. R. Co.,* 100 Wash. 453, 171 Pac. 231; *Quigley v. Barash,* 135 Wash. 338, 237 Pac. 732.

Mr. S. G. Fake, testifying as a witness on behalf of appellant, stated that, late in the afternoon on the day of the accident, he was traveling north on the Pacific highway four or five miles south of the city of Chehalis. With him in the car were Mrs. Fake, another lady and two children. The witness stated that several cars were approaching proceeding south, and that one car pulled out of the line of traffic in an attempt to pass the car ahead, and came down the center of the roadway at a rapid rate. Mr. Fake testified that he "started to slam on the brakes, get off the road and let him get by." Mrs. Fake testified to the same effect.

Appellant testified that, at the time of the accident, he was driving his Hupmobile north on the Pacific highway, his wife and baby riding in the car with him. Appellant stated that he was following Mr. Fake's car and noticed that two children were riding in the rumble seat; that both cars were proceeding at about thirty miles an hour; that appellant was making no effort to pass the car ahead of him when that car suddenly applied its brakes and came to a stop. Appellant, to avoid running into the car ahead "automatically pulled out to the left" to avoid a collision. Appellant stated that no signal was given by Mr. Fake of his intention to stop; that he was a couple of car lengths behind this car, and that it stopped very suddenly. Appellant further stated that he acted accord-

ing to his best judgment "to make the other side of the road." The witness stated that he was conscious that traffic was approaching from the north.

There is testimony in the record to the effect that, when the Fake car stopped, at least some portion thereof stood on the east shoulder of the road, and appellant argues that, when confronted with the sudden emergency occasioned by the sudden stopping of the car ahead of him, on somewhat of a right turn, he used his best judgment in turning his car to his left in an endeavor to attain a position of safety on the west side of the highway.

It is, of course, the law that, when the driver of a vehicle is confronted with a sudden emergency, the driver, in putting into operation some plan by which he endeavors to avoid injury to himself or another, is not held to the exercise of the same degree of care to which he would be held if time were allowed within which to deliberate and choose the safest course. *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529; *Johnson v. Heitman*, 88 Wash. 595, 153 Pac. 331; *Hartley v. Lasater*, 96 Wash. 407, 165 Pac. 106; *Burlie v. Stephens*, 113 Wash. 182, 193 Pac. 684; *Watkins v. Interstate Coach Co.*, 145 Wash. 221, 259 Pac. 393; *Greyhound Lines, Inc., v. Noller*, 36 Fed. (2nd) 443.

As to the course followed by the Guerrier car, the testimony is conflicting, but it would seem that appellant had no knowledge of the presence of this car upon the road until at the instant of or after the collision between his car and that owned by respondents. Witnesses on behalf of respondents gave testimony which tended to prove that appellant was trying to pass the Fake car, and, finding that he would be unable to do this successfully, turned to his left in an endeavor to escape a hazard caused by his own negligence.

Disregarding this testimony and accepting, generally speaking, appellant's version of the accident, we agree with the trial court that appellant is responsible for the damage suffered by respondents and Mr. Kittleson, who, we are satisfied, were entirely without fault. Appellant was, according to his own testimony, traveling at thirty miles an hour, two car lengths behind the car driven by Mr. Fake. There was considerable traffic on the road. Under these circumstances, appellant was required to maintain careful and continual observation of the car ahead of him in order to avoid a collision with that machine. While it is true that the driver of a car is not required to be a mind reader, and that a driver is supposed to give a signal before stopping or materially checking his speed, it is matter of common knowledge that emergency stops often must be made, of which there is no time to give a signal. The Fake car was equipped with a stop light flash signal which functioned as the Fake car slowed down. Appellant's wife saw this signal, although appellant did not.

In order to invoke the emergency rule, the party relying thereon must be without fault. *Allen v. Schultz,* 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676. In the course of the opinion in the case last cited, this court said:

"One who operates on the streets of a city such a dangerous instrumentality as an automobile is bound to take notice that he may be called upon to make emergency stops, and it is negligence on his part not to keep the automobile in such condition that such stops are possible."

The rule laid down by this court equally requires the driver of an automobile to keep such distance from a car ahead of him and maintain such observation of such car that an emergency stop may be safely made.

The cases of *Spencer v. Magrini,* 115 Wash. 29, 195 Pac. 1041, and *Knudson v. Bockwinkle,* 120 Wash. 527, 208 Pac. 59, are to the same effect. The opinions of this court in the cases of *Anderson v. McLaren,* 114 Wash. 33, 194 Pac. 828, and *Harry v. Pratt,* 155 Wash. 552, 285 Pac. 440, are also, to some extent, in point upon the questions being here considered. The cases last cited, together with that of *Burns v. Standring,* 148 Wash. 291, 268 Pac. 866, were the authorities which induced the trial court to change its ruling and grant judgment against appellant.

It is true, as appellant argues, that none of the cases relied upon by the trial court are exactly on all fours with the case at bar, but we are satisfied, from our study of the authorities and examination of the record, that the trial court did not err in granting judgment against appellant.

Judgment affirmed.

TOLMAN, C. J., MILLARD, and BEELER, JJ., concur.