[No. 23128.   Department One.   September 11, 1931.]

W. E. BELL, *Appellant*, v. NORTHWEST CITIES GAS
COMPANY, *Respondent*.[1]

[1]Reported in 2 P. (2d) 644.

*E. L. Casey,* for appellant.

*Ralph S. Pierce, G. S. Bond,* and *M. A. Marquis,* for respondent.

HOLCOMB, J.—Appellant sued to recover damages for personal injuries incurred in an automobile collision, the trial of which was before the court and a jury. The jury returned a verdict in favor of appellant for damages in the sum of $1,195, whereupon respondent moved for a judgment n. o. v., and in the alternative for a new trial. Upon a hearing of these motions, the trial court granted judgment n. o. v. in favor of respondent and denied the motion for a new trial. From the first order and judgment plaintiff appeals, and from the second, respondent cross-appeals.

The complaint alleges: That on June 7, 1930, while plaintiff was lawfully operating an automobile in which he was then riding on Palouse street, in Walla Walla, and while he was driving the same away from the curb in a lawful, careful and prudent manner, with the intention of driving the same southerly on that street, defendant, by its agent, negligently, carelessly and recklessly drove and operated its automobile southerly upon that street so that the same was caused to, and did, collide with the automobile in which plaintiff was then riding, striking the same with great force and causing the injuries complained of. By a trial amendment, it is further alleged that the agent of respondent failed to keep a proper lookout. The injuries were described and damages in the sum of $5,000 demanded.

The allegations of negligence were denied by respondent, who affirmatively alleged that appellant vio-

lated a certain city ordinance of Walla Walla, in that he

" . . . started, backed or turned his automobile from the curb of said street, without giving any warning by gong or horn, or any signal of his intention to so start, back or turn from the curb."

It is then further affirmatively alleged:

"That the plaintiff failed to keep a proper look out for automobiles approaching on said street, and especially for the automobile being operated by the agent of the defendant."

It is further affirmatively alleged by respondent that appellant carelessly and negligently drove his automobile away from the curb of the street and across the path of its automobile without endeavoring to ascertain if any traffic was approaching. That part of the ordinance which respondent alleged appellant violated, was introduced in evidence and reads:

"A vehicle before starting, backing or turning from a standstill shall give warning by gong or horn and by extending the hand or some mechanical device and approaching vehicles shall use due care to avoid collision."

The affirmative allegations were denied by reply. Although defendant has cross-appealed, the parties will be referred to as usual, as appellant and respondent.

The only error assigned by appellant is in granting judgment n. o. v.

It is well settled that, under the conditions here presented, the evidence must be considered most favorably to the party complaining. The facts most favorable to appellant, gleaned partly from the testimony on his behalf and partly from that of respondent, may be summarized as follows:

On the day alleged, appellant had his small coupe parked in front of his apartment building, headed south, parallel to and about one foot from the west curb of Palouse street, in Walla Walla. There was a car likewise parked one or two feet in front and one about three or four feet behind his car. Appellant testified that he came out of the apartment house where he and his wife resided, unlocked his car, put in his brief case and other things he had in his hand, got into the car, started the motor, let down the left window, honked his horn, and, as he started to back up, he looked back to see how close he was to the car behind him and to see if the street to the rear, or north, was clear, and then backed up. He then turned his head and looked down the street to the south, the way he was headed and intended to go, and saw a car that was in the alley to the east, or across the street, and about at the property line. Mealey, the driver of the car and agent of respondent, also said that the car in the alley was stopped "at the sidewalk." Appellant then signalled by putting out his hand and started to pull out into the street. He held his hand out until he was part way out in the street and then pulled in his hand and cramped his wheels in the proper direction.

The front of his car was in the clear of the car parked ahead of him and was slightly angling in the street when he was struck by the car of respondent, driven by Mealey, who was driving the car about three feet from the west curb at twenty to twenty-five miles per hour. The car of appellant was about six feet wide and about twelve and a half feet long. The impact of the collision caved in the left door of appellant's car, smashed the running board and dust shield, bent the frame and front fender and slid appellant's

car about eight feet. Appellant was thrown against the frame of the car and seriously injured.

Mealey, immediately after the collision, stated to appellant, his wife, and a disinterested witness, the manager of the apartment house in which appellant resided: "This is one of those things that happen. I did not see you until I was right on top of you." Mealey also said that he was watching the car coming out of the alley to the east, but stated that that car was stopped at the sidewalk. Mealey also said that he saw three cars parked in front of the apartment house; that he at no time lost sight of those three cars from the time when he was in the intersection of Palouse street with Poplar street to the north, which is a distance of about two hundred twenty feet from where the collision occurred. At twenty-five miles per hour, respondent's driver would travel 36.6 feet per second, or would travel the distance from where he first saw the three cars in 6.1 seconds.

The trial court considered that the fact that there was a car and also a bicycle proceeding on Birch street, which intersected Palouse street south of the scene of this collision, which was half a block away, constituted traffic to which the driver of respondent's car would be required to give some attention. In passing upon the motions, the trial judge said that there was no evidence of any negligence, and the only thing to consider was the failure to keep a proper lookout.

■ The trial court instructed the jury:

"You are further instructed that it is the duty of the driver of an automobile, such as the defendant was in this case, to use due care to avoid colliding with vehicles in front of him, and if you should find from the evidence that the defendant did not use due care to avoid such collision, and that such failure was the

proximate cause of the collision, then I instruct you that your verdict should be for the plaintiff.''

That instruction certainly stated the law correctly. *Spencer v. Magrini,* 115 Wash. 29, 195 Pac. 1041; *Burns v. Standring,* 148 Wash. 291, 268 Pac. 866.

The ordinance relied upon by respondent prescribed the same care by approaching vehicles.

██ In but two classes of cases may the question of negligence be determined by the court as a conclusion of law: (1) Where the circumstances of the case are such that the standard of duty is fixed, and the measure of duty defined, by law, and is the same under all circumstances; (2) where the facts are undisputed and but one reasonable inference can be drawn from them. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799. See, also, *Burian v. Seattle Electric Co.,* 26 Wash. 606, 67 Pac. 214; *Anderson v. Pacific National Lumber Co.,* 60 Wash. 415, 111 Pac. 337.

██ And where the minds of reasonable men may differ, the legal sufficiency is for the jury. *Atwood v. Washington Water Power Co.,* 79 Wash. 427, 140 Pac. 343; *Norris-Short Co. v. Everson Mercantile Co.,* 103 Wash. 399, 174 Pac. 645.

██ In passing upon the motions, the trial court lay great stress upon the testimony of appellant that he honked the horn of his car *before* he backed up; that he looked *before* he backed up; then of necessity he stopped his car, shifted the gears, cramped the wheels to pull out into the street; that he took no further look than the one when he started to back up.

The above analysis of the evidence apparently loses sight of the feature that appellant testified positively that, after he had backed up sufficiently, after having looked to the rear to' see if any car was approaching from that direction, he held out his hand until he was

part way out in the street, then pulled in his hand, cramped his wheels in the proper direction, and started forward. It is thus plain that he gave all the warnings required by the city ordinance pleaded by respondent, and did all that he could do, and at the same time handle his car, to give warning to approaching drivers from the rear. While it was a question for the jury to decide, considering the evidence and the credibility of all the witnesses, it would appear from this evidence and what happened immediately that respondent's driver must have been looking at the car in the alley across the street and not watching the car of appellant and not keeping a proper lookout ahead, as was correctly stated to be his duty in the instruction quoted and was held to be his duty in the *Spencer* and *Burns* cases, *supra*.

The circumstances in this case are similar, although the negligence by inattention and indifference on the part of the driver was less in degree than in that case, to the case of *Kaufman v. Sickman,* 116 Wash. 672, 200 Pac. 481. Respondent says that there are important differences distinguishing that case from this, but the only differences are that that was upon a country main highway, while this was upon a city street. We there held that one lawfully using a public highway is not required to be constantly looking and listening to ascertain if any automobile is approaching, in order that he may avoid any inference of contributory negligence for injury received. It was there shown that the injured party had observed the rule of the road of Washington by putting out his hand to the left as a signal that he was going to turn to the left, just as in this case. Had the driver of the offending car in that case been exercising due care, instead of observing a person at the side of the road and waving to him, he might have seen the signal given by the

driver of the other car and averted the collision. It is also there said that it would not be laid down as a rule, under such circumstances, that a driver would necessarily be negligent, as a matter of law, if he did not instantly look behind him before starting across the road. That case was followed in *Onkels v. Stogsdill,* 151 Wash. 194, 275 Pac. 692.

We do not consider the cases cited upon this phase of the case, by respondent, as apposite upon the facts shown here, and it is needless to discuss them.

On the motion for a new trial, respondent urges, first, excessive damages appearing to have been given under the influence of passion or prejudice, and second, insufficiency of the evidence to justify the verdict.

When a verdict is challenged, unless it is plain that it was excessive and was the result of passion or prejudice, we inquire only as to whether there was such passion and prejudice. *Sherrill v. Olympic Ice Cream Co.,* 135 Wash. 99, 237 Pac. 14.

There was ample evidence presented to the jury justifying the award made by it. It does not appear to be either excessive or to have been given under the influence of passion or prejudice. See *Kaufman v. Sickman, supra; Keller v. Waddington,* 142 Wash. 474, 253 Pac. 646; *Onkels v. Stogsdill, supra.*

For the reasons herein stated, the judgment n. o. v. is reversed, the order denying a new trial is affirmed, and the cause is remanded for reinstatement of the verdict of the jury and for judgment thereon.

TOLMAN, C. J., MITCHELL, and PARKER, JJ., concur.

MAIN, J. (dissenting)—In my opinion, the motion for judgment notwithstanding the verdict was properly granted, because the appellant was guilty of contributory negligence as a matter of law. Upon this ques-

tion, the trial court, in a carefully prepared memorandum opinion, said:

"Plaintiff lived in this street in the apartment house directly opposite the point of collision. He knew that automobile travel going south on the street would normally travel on the west seventeen feet of the street, and his car occupying about six feet of the seventeen feet he was about to drive out into the remaining eleven feet ordinarily occupied by the south bound traffic. He honked the horn *before* he backed up; he looked *before* he backed up; then of necessity he stopped his car; he shifted the gears; he cramped the wheels to pull out into the street. He honked his horn and he looked when he *started* to back up. Now from the time he took this look until he stopped backing, changed his gears, cramped the wheels and started to pull out into the street [that is, into the line of the southbound traffic] of necessity would take several seconds [the minds of men cannot differ as to that] and he took no other or further look than the one when he started to back up.

"A car traveling twenty miles per hour would travel, to all intents and purposes, thirty feet per second. On a city street everyone must anticipate that there is apt to be cars, at any time, traveling at a lawful rate of speed in the direction and over the portion of the street where such cars have a right to be. In ten seconds, at twenty miles per hour, a car would travel three hundred feet.

"The court cannot see how anyone can question the proposition that if the plaintiff had looked when, or after he started to pull out into the line of ordinary traffic, he would, or could, see the car of the defendant coming in this line of traffic in ample time to have avoided any collision, and this failure to look was the proximate cause of the collision."

After an examination of the evidence, I am of the opinion that the view of the trial court was correct, and I therefore dissent.