[No. 31186.    Department One.    February 3, 1950.]

SEVERNS MOTOR COMPANY, *Respondent*, v. KELLIS A. HAMILTON, *Appellant*.[1]

[1]Reported in 214 P. (2d) 516.

*Lee J. Campbell,* for appellant.

*F. A. Latcham,* for respondent.

GRADY, J.—This action was instituted by Severns Motor Company, a corporation, against Kellis A. Hamilton, to recover damages done to its building. The jury returned a verdict for the defendant. The court granted a motion of plaintiff for a judgment notwithstanding the verdict and its alternative motion for a new trial. The defendant has appealed.

■ The rule applicable to a motion for a judgment notwithstanding the verdict of the jury in a negligence action is that it can only be granted (1) where the circumstances of the case are such that the standard of duty is fixed and the measure of duty defined by law, and is the same under all circumstances, and (2) where the facts are undisputed and but one conclusion can be drawn from them. The latter thought has been expressed in several ways, but they all mean the same thing. *Bell v. Northwest Cities Gas Co.,* 164 Wash. 450, 2 P. (2d) 644; *Richardson v. Pacific Power & Light Co.,* 11 Wn. (2d) 288, 118 P. (2d) 985; *Rowe v. Dixon,* 31 Wn. (2d) 173, 196 P. (2d) 327; *Smith v. Leber,* 34 Wn. (2d) 611, 209 P. (2d) 297.

The material and undisputed facts as disclosed by the record are as follows: The appellant took his automobile to respondent to have the lights repaired. An employee of respondent took the automobile to the second floor of the building  It was left in gear. The parking brake was not set. The appellant desired to check the directional signal lights. At this time, the mechanic was lying on his back on the floor of the automobile under the instrument panel. Appellant did not notice that the automobile was in gear or that the brake was not set. He turned on the ignition and set the directional light lever located on the steering column. He went to the front of the automobile and then to the rear to observe the signal lights. The starter energized, the engine started, and the automobile lurched forward, causing damage to the building.

The parties are in accord that in order to have caused the automobile to move forward it must have been in gear, the brake not set, the ignition switch turned on, and the starter put in operation. The necessary conclusion from the undisputed evidence is that an employee of respondent left the automobile in gear when it was taken to the second floor of the building and did not set the brake; that the appellant turned on the ignition switch, and that the mechanic came in contact with the starter. In this type of automobile, the starter is combined with the accelerator pedal.

The question to be determined is whether there was evidence or reasonable inference from evidence to support a finding of the jury that appellant was not guilty of negligence by his act of turning on the ignition switch under the circumstances then existing.

A person is negligent if he does an act which a person of ordinary prudence would not have done under the existing circumstances. It is not the result of the act that is controlling, nor is the conduct to be judged by what, after injury has occurred, then appears would have been a proper precaution. The question of negligence must be determined by what would or should have reasonably been anticipated or foreseen in the exercise of ordinary prudence as likely to happen. *Burr v. Clark,* 30 Wn. (2d) 149, 190 P. (2d) 769; 1 Shearman and Redfield on Negligence (1941 ed.) 50, § 24.

We are of the opinion that there was evidence and reasonable inferences from evidence from which a jury might properly have determined that appellant was not negligent.

In passing upon the alternative motion for a new trial, the court was of the opinion that substantial justice had not been done as a result of the verdict of the jury, and its order granting a new trial is based upon that ground. We have decided that, when the trial court is convinced that a verdict of a jury is contrary to the weight of evidence and that substantial justice has not been done, it is not only its right but its duty to order a new trial. *Clark v. Great North-*

*ern R. Co.,* 37 Wash. 537, 79 Pac. 1108; *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32; *Bond v. Ovens,* 20 Wn. (2d) 354, 147 P. (2d) 514.

The discretion of trial courts in this regard will not be interfered with except in situations where only questions of law are involved, or as sometimes expressed, unless the verdict of the jury was, as a matter of law, the only verdict that could be rendered. *Potts v. Laos,* 31 Wn. (2d) 889, 200 P. (2d) 505.

The judgment is reversed, and the cause remanded for a new trial as ordered by the trial court.

BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.

SIMPSON, C. J., dissents.

[1]Reported in 214 P. (2d) 507.