MELVIN C. WILSON, *Respondent*, v. A. E. GENNOW *et al.*, *Appellants.*[1]

*Fred M. Bond,* for appellants.
*Don G. Abel,* for respondent.

MITCHELL, J.—This action arose out of a collision between a motorcycle operated by the plaintiff and a motor-truck operated by the defendants on Main street, in Chehalis. Each vehicle was going easterly along the south side of the street, at a lawful rate of speed, the motorcycle going some fifteen or twenty feet behind the truck until near the time of intending to pass the truck about the center of the block, at which time the driver of the truck, without warning, turned to his left across the street to enter his premises, situated on the north side of the street. The sudden, abrupt turn of the truck caused plaintiff, in trying to

[1]Reported in 33 P. (2d) 85.

avoid striking it, to upset his motorcycle, resulting in the injuries complained of.

The complaint alleged negligence on the part of the defendants in the operation of the truck as the cause of the accident. The answer contained appropriate, general denials, and affirmative allegations of contributory negligence, consisting of unlawful speed and failure of plaintiff to give any sign or warning in attempting to pass the truck. The affirmative matter in the answer was denied by a reply on the part of the plaintiff. Trial without a jury resulted in findings of fact and conclusions of law for the plaintiff, upon which judgment was entered. The defendants have appealed.

The assignments are that error was committed in giving judgment for the plaintiff; in refusing to render judgment for the defendants; and in refusing to find plaintiff guilty of contributory negligence. The assignments have been presented and argued collectively.

Both appellants were in the truck at the time of the accident, the husband doing the driving. The trial court found that the respondent was "wholly without fault," and that the appellants were guilty of negligence that proximately caused the accident.

More in detail, the findings, in substance, were: That, about the time the truck crossed Pacific avenue, moving easterly on Main street, respondent drove his motorcycle easterly on the street in the rear of the truck; that neither driver was in any manner violating the speed laws at any time while within the block; that respondent did not know, and had no means of knowing, that appellants intended to turn across the street in the center of the block; that the truck was going at a slightly less rate of speed than the motorcycle, and that it was the purpose of the respondent

to pass the truck, "but had not yet proceeded to pass at the time of the accident;" that, after respondent got near the rear end of the truck, the appellants negligently failed to give any signal with the hand, or otherwise, of turning to the left, which failure was the proximate cause of the accident; that, while making such negligent turn to the left, in the center of the block, "under all the circumstances and conditions that existed at the time," the appellants created an emergency as to the respondent, from which it was difficult for respondent to escape, and that he was forced, in order to avoid striking the left side of the truck, to turn his motorcycle sharply to the right or south side of the street, and, in so doing, his motorcycle overturned, causing the injuries.

The court further found:

"That defendants were negligent in turning their truck in the center of the block wholly irrespective of whether any signal that they were about to turn was or was not given, and the court further finds that the defendants were negligent in not giving any signal that they were about to turn, and that these two acts of negligence were the proximate cause of the accident in question, in which the plaintiff was wholly without fault."

Clearly, the decisive questions in the case are questions of fact; and, while there were some conflicts in the evidence, disinterested witnesses supported the respondent's version of the facts. Appellants admit that no warning was given of their sharp turn, crossing the street, their rather unreasonable claim being that, at that time, no one was in sight in the rear of the truck. On the other hand, while it was the purpose of the respondent to pass the truck, of which he had not given any warning, his testimony was positive that "he had not started to pass" when the truck,

without warning, turned sharply across the street in front of him, in the center of the block, causing, in a moment of time, a situation from which he could not escape.

It satisfactorily appears from a consideration of all the evidence in the case that the findings of fact are according to the preponderance of the evidence. They sustain the conclusions of law and the judgment. Affirmed.

BLAKE, MAIN, MILLARD, and STEINERT, JJ., concur.