[No. 25644.   Department One.   June 19, 1935.]

KARL MILLER, *a Minor, by Michael Miller, his Guardian ad Litem, Appellant,* v. EDDIE R. MORGAN *et al., Respondents.*[1]

*J. Peter P. Healy,* for appellant.

*Wayne W. Keyes,* for respondents.

MAIN, J.—This action was brought by Karl Miller, a minor, by his guardian *ad litem,* for personal injuries, and medical and hospital expenses. The cause was tried to the court without a jury, and resulted in a judgment dismissing the action, from which the plaintiff appeals.

The accident which gave rise to the litigation occurred August 22, 1934, at about 4:30 in the afternoon, at the intersection of Cedar street and south Thirteenth street, in the city of Tacoma. Cedar street extends north and south, south Thirteenth street east and west. South Twelfth street is one block to the north of south Thirteenth street, and the two streets parallel each other. South Cedar street is what is

[1]Reported in 46 P. (2d) 732.

called a graveled street, and at the time of the accident was not in good condition.

The respondent Eddie R. Morgan was proceeding south on Cedar street, driving an automobile owned by his father. As he approached Twelfth street, he stopped at the sign indicating a stop, and at the same time the appellant approached from the west on Twelfth street and turned south on Cedar street. As they proceeded from Twelfth street down Cedar street to Thirteenth street, the automobile followed the motorcycle, with space between the two of about thirty feet. Both vehicles were moving at a speed of approximately twenty-five miles an hour. While crossing the intersection of Thirteenth street and Cedar street, the front of the automobile struck the rear of the motorcycle, and the appellant sustained the injuries and damages for which he seeks recovery.

The controlling question is one of fact, and that is, whether the appellant suddenly stopped the motorcycle as he was crossing the intersection. Upon this question, the testimony is directly in dispute. The appellant says that he did not stop, but proceeded across the intersection at about the speed at which he had previously been moving. In this, he is corroborated by another witness who saw the accident. On the other hand, the driver of the automobile testified that the appellant suddenly stopped the motorcycle when he was almost across the intersection and within a few feet from the south line thereof. In this, the driver of the automobile is corroborated by two witnesses, one of whom was riding in the car with him and the other was nearby.

There is no evidence from which it can be concluded that the automobile increased its speed and ran down the driver of the motorcycle while the latter was proceeding at a speed of twenty or twenty-two

miles per hour. Neither is there any evidence from which it can be concluded that the driver of the automobile, taking into consideration the character of the street and the time of day, was doing other than keeping a reasonably safe distance behind the motorcycle as the two vehicles approached the intersection of south Thirteenth street and Cedar street.

While the trial court did not make any formal findings of fact or conclusions of law, in an oral opinion from the bench it was made plain that that court was of the view that the preponderance of the evidence sustained the contention of the respondent that the appellant suddenly stopped his motorcycle without giving any signal or warning of his intention to do so, and that this was the thing that caused the accident. With that view, after reading and considering all the evidence, we are in accord.

The controlling question being purely one of fact, it would serve no useful purpose to extend this opinion by reviewing the testimony in detail.

The judgment will be affirmed.

MILLARD, C. J., TOLMAN, BEALS, and GERAGHTY, JJ., concur.