[No. 25835.  *En Banc.*  June 26, 1936.]

CATER'S MOTOR FREIGHT SYSTEM, INC., *Respondent,* v. JOHN F. RANNIGER *et al., Appellants.*[1]

*Marcus R. Morton,* for appellants.

*Charles P. Lund,* for respondent.

MILLARD, C. J.—On May 3, 1934, a freight truck operated by plaintiff collided with a freight truck operated by defendant John F. Ranniger, on the highway at Easton. Both trucks were proceeding easterly, and as they entered the town of Easton about one o'clock in the morning, plaintiff's truck was approximately one hundred feet to the rear of the defendant's truck. Neither truck was traveling at an excessive or unreasonable rate of speed. Adjacent to and at the left of the highway in this town was a restaurant where defendant Ranniger intended to stop for refreshment.

When approaching the restaurant, defendant steered his truck to the left side of the highway, indicative

[1]Reported in 58 P. (2d) 1030.

of his intention to stop and park to the left of the highway in front of or near this restaurant. After clearing the right side of the traveled portion of the highway, he suddenly and without warning steered his truck to the right and across the road in front of plaintiff's truck, which was on the right side of the road and was about to pass defendant on the right. Because a third truck was parked immediately off and to the right of the traveled highway at this point, plaintiff's truck could not turn further to the right without colliding with the parked truck, and therefore could not avoid running into the right rear of defendant's truck. As a result of this collision, both trucks were damaged.

An action was instituted by plaintiff to recover for the property damage sustained. Defendants answered and by cross-complaint sought recovery for damage to their truck. Trial of the cause to the court without a jury resulted in findings of fact, conclusions of law and judgment in favor of the plaintiff. Defendants appeal.

Counsel for appellants argue that, as there was no emergency justifying an attempt by respondent to pass on the right side of appellants' truck, ordinary prudence and caution forbade such conduct, and therefore it was contributory negligence and the proximate cause of the collision. It is also insisted that the attempt to pass on the right side without signaling and without waiting until respondent could safely pass to the left was contrary to the "rules of the road" specified in Rem. Rev. Stat., § 6362-41 [P. C. § 196-41].

We said in *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106:

"Although the law . . . provided that a vehicle passing another vehicle going in the same direc-

tion should pass to the right (Rem. & Bal. Code, § 5569), we have held that it is not necessarily negligence *per se* to drive on the wrong side of the road. . . . Whether an automobile is rightfully or wrongfully on either side of the road is a relative question to be decided with reference to the facts of the particular case.''

In 2 Berry on Automobiles (7th ed.), § 2.530, it is said:

''A statute providing that 'when overtaken by any other vehicle legally traveling at a greater speed, the operator or driver of any motor vehicle, when signaled to do so, shall turn reasonably to the right of the center of the highway, allowing the other vehicle free passage to the left,' does not indicate an intention of the legislature to require that in all cases, regardless of the circumstances, the width of the highway, the position of the leading vehicle, or the volume of traffic, a vehicle must turn to the left in passing another traveling in the same direction. . . .

''Passing an overtaken vehicle on the right in violation of statute does not establish negligence and authorize recovery for damages resulting from an ensuing collision, unless such movement was the efficient cause thereof. . . . 'Passing other than on the left does not in itself establish negligence and authorize a recovery for damages arising from an accident which follows, unless such movement was the efficient cause of a collision ensuing.' ''

Another apt authority is 2 Blashfield's Cyclopedia of Automobile Law and Practice, § 940, reading as follows:

''The general rule laid down by a statute or ordinance, that the overtaking vehicle shall pass on the left side, has its exceptions, and must be applied with reference to the particular circumstances of the case.

''Thus, if the vehicle in front occupies the left side of the highway, leaving insufficient space for the rear vehicle to pass on the left, or if, for any other reason, such as the obstruction of the highway on the left

by vehicles coming from the opposite direction, the driver of the rear vehicle is unable to pass to the left, he may, if there is sufficient space and it can be done by the exercise of proper care, pass to the right of the vehicle in front."

See also *Piper v. Adams Express Co.*, 270 Pa. 54, 113 Atl. 562, in which the supreme court of Pennsylvania, after the quotation of a statutory provision which required the overtaken vehicle to stay to the right of the highway in order to allow free passage to the left, said:

"There is nothing in this provision to indicate an intention of the legislature to require that in all cases, regardless of the circumstances, the width of the highway, the position of the leading vehicle or the volume of traffic, a vehicle must turn to the left in passing another traveling in the same direction."

Clearly, it cannot be said, as a matter of law, that the respondent was guilty of contributory negligence which was the proximate cause of the collision. In cases such as this, we have held many times that the question is one of fact. The evidence as to the negligence of the appellants and the proximate cause of the collision sustains the findings of the trial court.

The other assignments of error, addressed to the question of the assessment of damages and the sufficiency of the evidence relating thereto, are without substantial merit.

The judgment is affirmed.

Mitchell, Holcomb, Steinert, and Geraghty, JJ., concur.

Blake, J. (dissenting)—I dissent. It seems to me that the driver of respondent's truck indulged in an unwarranted assumption, which is carried into the findings of the trial court and into the majority opin-

ion. The court found that appellant was guilty of negligence

". . . in that immediately before the collision defendant's driver turned said truck to the left side of the highway, *as though intending to stop and park,* and then suddenly, without notice or warning, turned said truck to the right and proceeded across the road in front of plaintiff's truck . . ."

The majority say:

". . . when approaching the restaurant, defendant steered his truck to the left side of the highway, *indicative of his intention to stop and park* . . ." (Italics mine.)

The driver of respondent's truck testified:

"Q. What made you think that Mr. Ranniger was going over to the left side of the road, or is that what you did think? A. Because that is the way he turned. Q. Well, is it the practice of truck drivers to turn across the road and park on the left hand side of the road. A. It is there, yes. It is done there. Q. Did you ever see Mr. Ranniger do that? A. I wouldn't say that I did. Q. There is no intersecting road, is there, opposite where this accident occurred? A. No. Q. Coming in from the north? A. No. Q. There is not? A. No. Q. And so you assumed when you saw Mr. Ranniger turn to the left, as you claim, that he was going over to the other side? A. Yes, sir . . ."

(There is more to the last answer, which I have omitted because it refers to Ranniger's movements *after* the collision occurred.)

Acting on this assumption, the driver of respondent's truck attempted to pass to appellant's right without giving any signal whatsoever. This was negligence, chargeable to respondent, which, it seems to me, was the proximate cause of the collision. Both trucks were traveling in the same direction on the paved portion of the highway. Under the circumstances, the only assumption respondent's driver had

a right to act upon was that appellant would observe the rules of the road and make room for respondent's truck to pass to the left.

The controlling statute (Rem. Rev. Stat., § 6362-41 [P. C. § 196-41]) provides:

". . . (2) Vehicles proceeding in the same direction on overtaking another vehicle . . . shall pass to the left; provided, however, a variance in good faith from the rules herein relating to the turning to the left of a vehicle when overtaking another vehicle, . . . going in the same direction where the exigencies of the situation permit, *shall not subject the offender to arrest under the criminal provisions of this act;* . . .

"(4) The signal of an intention to pass shall be given by one blast or stroke of the horn or other signaling device.

"(5) Should the overtaken vehicle then not give way, three such blasts or signals shall be given, and upon the failure to comply therewith, the overtaking vehicle may at the next suitable place safe for both vehicles go by without further signal. . . ." (Italics mine.)

It seems to me clear that this statute makes it negligence *per se* for an overtaking vehicle to pass to the right of the overtaken vehicle under any circumstances. The driver of the overtaking vehicle is bound to give the signals prescribed by subdivisions 4 and 5 before *even attempting* to pass. If the driver of the overtaken vehicle does not yield the *left* side of the road, the driver of the overtaking vehicle even then may not pass until arriving "at the next suitable place safe for both vehicles." It seems plain to me that he still must pass to the left.

The fact that, under the proviso in the first subdivision, "the offender" against these rules shall not be "subject to arrest under the criminal provisions

of this act," does not exculpate him from civil liability.

Respondent's driver violated all the requirements of the statute: He gave no signal of intention to pass, and then attempted to pass to the right. Presumably, if he had complied with the statute in any particular, the collision would not have occurred. Certainly not, if he had not attempted to pass to the right. Since his negligence was the proximate cause of the collision, the judgment should be reversed.

BEALS, J., concurs with BLAKE, J.

MAIN, J. (dissenting)—It appears to me that the proper construction of Rem. Rev. Stat., § 6362-41 [P. C. § 196-41], the material portions of which are set out in the dissenting opinion, is that the overtaking vehicle, when the signals provided for in the statute are given and the left side of the road is not yielded by the vehicle in front, may pass to the right at a suitable place safe for both vehicles. In this case, the driver of the overtaking vehicle did not give the signals provided for in the statute before attempting to pass on the right and was therefore guilty of negligence for this reason, as well as for the reason that he attempted to pass at a place not safe for both vehicles. The negligence of which the driver of the overtaking truck was guilty materially contributed to the accident, and for this reason bars a recovery.

For the reasons stated, I am not in accord with the holding of the majority opinion and therefore dissent therefrom.

TOLMAN, J., concurs with MAIN, J.