[No. 28374. Department Two. December 23, 1941.]

RAY JOHNSON *et al., Respondents,* v. RAY WATSON
*et al., Appellants.*[1]

*Bruce Bartley* and *J. E. Hullin,* for appellants.

*Cheney & Hutcheson, John Gavin,* and *Marvin E. Cook,* for respondents.

[1]Reported in 120 P. (2d) 515.

SIMPSON, J.—Plaintiffs brought this action to recover compensation for injuries to plaintiff Ray Johnson and damages to plaintiffs' automobile, sustained in a collision with a truck owned by defendants and driven by defendant Ray Watson.

Plaintiff alleged that the driver of defendants' truck was negligent in failing to drive in a careful and prudent manner, and in failing to give timely warning of an intention to turn to the right or to stop. Defendants, by answer, denied the charges of negligence, and alleged that, if plaintiffs sustained any injury, it was caused by their own negligence proximately contributing thereto. The reply denied the charge of contributory negligence. Upon the issues thus presented, the case was tried to a jury resulting in a verdict favorable to plaintiffs. After appropriate motions for judgment notwithstanding the verdict or for a new trial were denied, judgment was entered upon the verdict. The defendants appealed.

The assignments of error are in denying appellants' motion to dismiss at the close of plaintiffs' case, in denying appellants' motion for judgment notwithstanding the verdict or for a new trial, in refusing to instruct the jury to return a verdict for the appellants, and in giving instruction No. 22.

We will refer to plaintiff Ray Johnson, driver of the automobile, as respondent, and to defendant Ray Watson, driver of the truck, as appellant.

The evidence which the members of the jury were justified in believing is summarized as follows: The accident occurred on arterial highway No. 97, running between the city of Yakima and the town of Sawyer, in this state. The highway, paved to a width of twenty feet with a yellow line in the center thereof in the vicinity of the scene of the accident, is straight, and runs in an easterly and westerly direction through a

rural district. The weather was clear and the pavement dry. There were no other cars upon the highway. Both vehicles were traveling in an easterly direction at a rate of speed of thirty-five miles per hour. Respondent left his home at Selah, about six a. m., and drove easterly towards Granger. As he approached within three hundred eighty feet of a service station located approximately one thousand feet west of the point of the accident, he saw appellant drive onto the highway and proceed in an easterly direction. Respondent slowed his speed somewhat and followed appellant along the highway, driving behind appellant at a distance of about thirty-five feet.

In a short time thereafter appellant pulled to his left so that the left dual wheels of his truck were across the yellow line, as though he was going around someone upon the highway, and then swung back to his right. Appellant checked his speed at once as he turned right. Respondent didn't have time to apply his brakes and ran into the rear of appellant's truck, as its right front wheel left the pavement. Appellant was attempting to turn to his right onto a private road or lane. The lane was fifteen or eighteen feet wide and there were weeds and foliage about the point at which it intersected the pavement. Appellant did not give a signal of his intention to turn from the highway to his right. He was traveling about fifteen or twenty miles per hour when the collision occurred.

Asked to describe the manner in which appellant slowed and turned, respondent stated, "well he stopped sudden and turned in front of me and pulled across the line, and it was all in one motion, and he stopped sudden and went down." He further stated that the two turns happened "right now." Respondent admitted that just before the collision he glanced at a man and boy who were walking in a westerly direc-

tion along the side of the shoulder of the road. He stated, however, that he did not turn his head when he saw them. He further testified that he could stop his car within seventeen or twenty feet while traveling at the rate of thirty-five miles per hour.

Appellant admits negligence on his part, but earnestly contends that respondent was guilty of contributory negligence as a matter of law and for that reason cannot recover damages for the injuries he sustained.

██ ██ In approaching a consideration of this case, we have in mind the oft repeated and well-recognized rule in this state that the presence or absence of contributory negligence is, as a general rule, a question for the jury. It is only when reasonable minds can draw but one conclusion, that the plaintiff was negligent, from all the facts and circumstances and the inferences to be drawn therefrom, that the court can determine the question as a matter of law. When the minds of reasonable men differ, the question is one for the jury. If there is substantial evidence to sustain the verdict, the judgment must be affirmed.

██ The rule of law which governs the conduct of the driver of a following vehicle is contained in Rem. Rev. Stat., Vol. 7A, § 6360-81 [P. C. § 2696-839]:

"It shall be unlawful for the operator of any motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of any such public highway. . . ."

Under this statute, it was necessary for respondent to exercise that degree of care required of a reasonably prudent person under like or similar circumstances. Certain underlying principles of law must apply to all cases of this character. It is true, however, that each case must be judged to a very large extent upon the

pattern of its own facts. In determining each individual case, the condition of the highway, the traffic, the acts of the parties, and all of the surrounding circumstances must be taken into consideration. We have had occasion to pass upon questions of this nature on numerous occasions.

In *Spencer v. Magrini*, 115 Wash. 29, 195 Pac. 1041, we upheld the judgment of the trial court in holding the driver of the following car, which crashed into the car ahead when it turned to avoid a parked car, guilty of negligence in driving four or five feet behind the leading car.

In *Knudson v. Bockwinkle*, 120 Wash. 527, 208 Pac. 59, we sustained a judgment which held the driver of the following car negligent for traveling at a distance of forty to fifty feet behind a bus at the rate of twenty to twenty-five miles per hour. The facts showed that at the time the collision occurred it was dark, stormy, and the pavement slippery.

Again, in *Ritter v. Johnson*, 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270, the rear car was a distance of two car lengths behind the front car. Both were traveling at a speed of about thirty-five miles per hour upon a straight, dry road located in a rural district. In upholding the trial court's judgment against the driver of the following car, we stated:

"Appellant was, according to his own testimony, traveling at thirty miles an hour, two car lengths behind the car driven by Mr. Fake. There was considerable traffic on the road. Under these circumstances, appellant was required to maintain careful and continual observation of the car ahead of him in order to avoid a collision with that machine. While it is true that the driver of a car is not required to be a mind reader, and that a driver is supposed to give a signal before stopping or materially checking his speed, it is matter of common knowledge that emergency stops

often must be made, of which there is no time to give a signal."

We affirmed a jury's verdict in *Jacklin v. North Coast Transportation Co.*, 165 Wash. 236, 5 P. (2d) 325, returned against the owner of a bus when it ran into the rear of another bus, which stopped in obedience to a traffic signal. The following bus was traveling about thirty feet behind the one in front and upon a street in the city of Seattle.

In *Rust v. Schlaitzer*, 175 Wash. 331, 27 P. (2d) 571, a bus was following at a distance of thirty feet behind plaintiff's car on a much traveled Seattle street. To avoid a collision at an intersection, plaintiff suddenly applied his brakes. Failing to stop in time, the bus crashed into the rear of plaintiff's car, shoving it into the path of another car. In discussing the bus driver's negligence, we said:

"For three or four miles, he had been following the Rust car with a space intervening of only about thirty feet. This provided little or no margin to avoid collision with the Rust car if the latter stopped under any conditions, as the event proved."

In *Wilson v. Gennow*, 177 Wash. 672, 33 P. (2d) 85, we upheld a judgment in favor of a motorcyclist, who, while following a truck at a distance of twenty feet, was injured when the driver of the truck, without warning, turned left to cross the street upon which both were driving. In that case, we upheld the finding of the trial court, which stated:

"That defendants were negligent in turning their truck in the center of the block wholly irrespective of whether any signal that they were about to turn was or was not given, and the court further finds that the defendants were negligent in not giving any signal that they were about to turn, and that these two acts of negligence were the proximate cause of the accident

in question, in which the plaintiff was wholly without fault."

Likewise, in *Miller v. Morgan*, 182 Wash. 254, 46 P. (2d) 732, a rear-end collision case involving a following car and a preceding motorcycle, we affirmed the trial court's dismissal of the motorcycle driver's action. Here both vehicles were moving about twenty-five miles per hour with a distance of thirty feet between them. In commenting on the evidence, we remarked:

"Neither is there any evidence from which it can be concluded that the driver of the automobile, taking into consideration the character of the street and the time of day, was doing other than keeping a reasonably safe distance behind the motorcycle as the two vehicles approached the intersection . . . "

In *Larpenteur v. Eldridge Motors, Inc.*, 185 Wash. 530, 55 P. (2d) 1064, plaintiff, while riding his bicycle upon a Seattle street, crashed into the car ahead when it suddenly stopped without a warning. The car was proceeding ahead of plaintiff about eighteen or twenty feet. On a motion for judgment n. o. v., the trial court set aside a verdict in plaintiff's favor. In deciding that the court was correct, we stated:

"The conduct of the appellant was not the exercise of that care required of him while following the automobile. He had the right, of course, to follow traffic at a reasonable and safe distance, but he was also under the duty of reasonably governing his speed and maintaining such a reasonable distance back of the automobile and such reasonable lookout ahead as would provide for the contingency of the sudden stopping of the car in front of him. . . .
"In *Ritter v. Johnson*, 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270, the rule is laid down that the driver of an automobile must keep such distance from a car ahead of him and maintain such observation of such car that an emergency stop may be *safely* made."

It appeared, however, that the street, down which the car and bicycle were traveling had a grade of four or five per cent.

In *Cater's Motor Freight System, Inc. v. Ranniger,* 186 Wash. 525, 58 P. (2d) 1030, we affirmed a judgment of the trial court, holding that the driver of the leading truck was responsible for the accident. The facts showed that the following truck was one hundred feet to the rear, and that the driver of the leading truck pulled first to his left as though to cross the street, and then, without warning, turned to his right. As a result, the following truck ran into the rear of the forward truck.

In the case of *Buss v. Wachsmith,* 190 Wash. 673, 70 P. (2d) 417, we sustained a verdict in favor of the driver of a following car which struck a leading truck as it turned to the left without giving a signal. Defendants urged that the driver of the car was guilty of contributory negligence. We held, however, that the question was for the jury's determination.

The case of *Trudeau v. Snohomish Auto Freight Co.,* 1 Wn. (2d) 574, 96 P. (2d) 599, discloses that defendant's truck was traveling upon a winding street. Intending to turn right into a driveway, located in the middle of the block, the driver first swerved to the left and then to the right without signaling. As a consequence, plaintiffs' following car struck the rear corner of the truck. The case was reversed because of an erroneous instruction. This court held, however, that the trial court did not err in refusing to grant defendants' motion for judgment notwithstanding the verdict. For a similar case, see *Hamm Funeral Home, Inc. v. Biles,* 3 Wn. (2d) 592, 101 P. (2d) 597.

Finally, in *Cronin v. Shell Oil Co.,* 8 Wn. (2d) 404, 112 P. (2d) 824, we reversed a judgment on a verdict in favor of respondent, and held that he was guilty of

contributory negligence as a matter of law for crashing into appellant's parked truck. Although respondent had been following appellant for some distance, he attempted to excuse his conduct on the ground that his attention was diverted by an occupant of another car.

From the foregoing cases, it must be concluded that we have not laid down any mathematical formula for determining the distance at which a following car must remain behind a preceding car in order to comply with the statute.

In the case at bar, the record shows that both parties were traveling upon a straight and level highway under excellent driving conditions, that both were moving at the rate of thirty-five miles per hour at a distance of thirty-five feet apart, that appellant failed to signal his intention to deviate from his course, and that respondent had every reason to believe that appellant would continue his driving direction until notice to the contrary. Therefore, in view of all the facts and circumstances surrounding the conduct of the drivers, we hold that the minds of reasonable men could easily differ as to whether or not respondent was guilty of contributory negligence. Consequently, the question was one for the jury.

Appellant presses upon us error of the court in the giving of instruction No. 22, which related to the sudden peril or emergency in which respondent found himself when appellant's car turned in front of him. Appellant does not challenge the wording of the instruction, but argues that it should not have been given.

We see no error in the giving of the instruction. Respondent was suddenly placed in a position of peril not of his own making, and the court was entirely justified in informing the jury concerning the manner

in which they should consider respondent's actions when faced with the sudden danger. *Nystuen v. Spokane County,* 194 Wash. 312, 77 P. (2d) 1002; *American Products Co. v. Villwock,* 7 Wn. (2d) 246, 109 P. (2d) 570.

Finding no error in the trial of this case, we affirm the judgment.

ROBINSON, C. J., BEALS, BLAKE, and JEFFERS, JJ., concur.