[No. 29435. Department Two. November 29, 1944.]

N. C. NELSON et al., Respondents, v. MILTON BROWNFIELD et al., Appellants.[1]

*Hamblen, Gilbert & Brooke,* for appellants.

*A. J. Hensel* and *Crollard & O'Connor,* for respondents.

MALLERY, J.—The plaintiffs sued to recover for personal injuries and damages to their automobile, arising out of a

[1]Reported in 153 P. (2d) 877.

collision when they ran into the rearend of a large Chevrolet truck operated by the defendants, which was stopped on the highway without any signal of their intention so to do. The defendants denied negligence, and alleged contributory negligence in that plaintiffs were following the truck too closely without maintaining a proper lookout ahead, in driving at an excessive rate of speed, and in failing to have the car under control. The verdict of the jury was for the plaintiffs. Defendants appeal, contending that they are entitled to a judgment notwithstanding the verdict of the jury because respondents were guilty of contributory negligence as a matter of law.

We shall hereinafter refer to the driver of the appellants' car as if he were the sole appellant and to the driver of the respondents' car as if he were the sole respondent.

The collision occurred on the state highway between Waterville and Orondo, Washington. There is a rather steep grade down Pine Canyon to the west, leading toward Orondo. The grade down the canyon is about six miles in length, and the two vehicles came together on a fairly level stretch of highway about a mile and one-half west, or beyond the foot, of the grade. The highway at the scene of the accident is oiled, eighteen feet in width, with the usual yellow stripe down the center, and with gravel shoulders varying from three to ten feet in width. Along the portion of the highway involved, there is a hill on the left side and a creek bed on the right side. There are no intersecting roads. The accident occurred in broad daylight, with unimpaired visibility, and the road was dry.

The respondent was personally acquainted with appellant and first recognized him after he left the city limits of Waterville. He gradually gained upon the truck and followed it down the six-mile grade at a distance of about two hundred feet to the rear, and at a speed of from thirty-five to forty miles per hour. After reaching the foot of the grade, they were both traveling at the rate of from forty to forty-five miles per hour and had closed the interval between them to seventy-five to one hundred fifty feet.

The appellant driver saw his sister, in another car, driv-

ing toward him, and stopped his truck on the highway without signaling his intention so to do. The respondent driver saw the red stop light go on as appellant put on his brakes when he was about one hundred and fifty feet to the rear. He could not go around the truck because of the approaching automobile, and therefore applied his brakes, but nevertheless ran into the rear of the truck. The truck, in stopping, skidded twelve to fifteen feet and the respondent's car skidded an even greater distance.

■ The truck was a new Chevrolet truck with dual tires. The appellant contends that, since the respondent saw the red light go on when he put on his brakes, his failure to give the required hand signal to stop was not negligence, because the respondent understood what he intended to do.

This point is not stressed and we find no merit in it, because brakes are applied in innumerable instances when the driver does not actually intend to stop, while, on the other hand, the statutory signal, if properly given, is not subject to speculation but definitely advises the following driver of an intention to stop. Causing the red stop light to go on by applying the brakes is not the equivalent of the statutory stop signal. Failure to give it was negligence.

■ The appellant invokes the statutory rule, which governs the conduct of the driver of a following vehicle, to sustain his claim that respondent was guilty of contributory negligence as a matter of law. Concerning this point, see *Johnson v. Watson,* 11 Wn. (2d) 690, 120 P. (2d) 515, in which this court said:

"The rule of law which governs the conduct of the driver of a following vehicle is contained in Rem. Rev. Stat., Vol. 7A, § 6360-81 [P. C. § 2696-839]:

" 'It shall be unlawful for the operator of any motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of any such public highway. . . .'

"Under this statute, it was necessary for respondent to exercise that degree of care required of a reasonably prudent person under like or similar circumstances. Certain underlying principles of law must apply to all cases of this char-

acter. It is true, however, that each case must be judged to a very large extent upon the pattern of its own facts. In determining each individual case, the condition of the highway, the traffic, the acts of the parties, and all of the surrounding circumstances must be taken into consideration. We have had occasion to pass upon questions of this nature on numerous occasions."

Again we quote from the same case:

"From the foregoing cases, it must be concluded that we have not laid down any mathematical formula for determining the distance at which a following car must remain behind a preceding car in order to comply with the statute.

"In the case at bar, the record shows that both parties were traveling upon a straight and level highway under excellent driving conditions, that both were moving at the rate of thirty-five miles per hour at a distance of thirty-five feet apart, that appellant failed to signal his intention to deviate from his course, and that respondent had every reason to believe that appellant would continue his driving direction until notice to the contrary. Therefore, in view of all the facts and circumstances surrounding the conduct of the drivers, we hold that the minds of reasonable men could easily differ as to whether or not respondent was guilty of contributory negligence. Consequently, the question was one for the jury."

We think the question of contributory negligence in this case was for the jury to pass upon.

The judgment is affirmed.

SIMPSON, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.