## GENERAL INS. CO. OF AMERICA v. LEWIS.

No. 7671.  Decided April 16, 1952.  (243 P. 2d 433.)

See 60 C. J. S., Motor Vehicles, sec. 462. Stopping vehicle in line of traffic, warnings required for. 9 Am. Jur., Automobiles, sec. 281; 62 A. L. R. 970.

*F. Robert Bayle*, Salt Lake City, for appellant.

*Paul J. Merrill*, Spanish Fork, for respondent.

WADE, Justice.

Is the driver of a car, which is damaged by being driven into from the rear while stopped by congested traffic ahead, guilty of contributory negligence for failure to drive his car off the traveled portion of the highway or for failure to warn approaching cars that the traffic is stopped? The trial judge as the trier of the fact found that the above mentioned failures constituted contributory negligence and refused to award plaintiff damages on that account. If from the evidence, when considered most favorable to the defendant, it was reasonable to make such a finding, we must affirm the judgment; otherwise, we must reverse it.

The defendant, Mark Lewis, respondent here, damaged Samuel P. Park's car by running into it from the rear while it was forced to stop on the highway by traffic congestion ahead. Plaintiff, General Insurance Company of America, appellant here, Park's insurance carrier, reimbursed him for such damages and brings this action against respondent under a subrogation provision of such policy.

The accident occurred on December 22, 1947, about 8:40 in the morning on highway 114 approaching the Geneva Steel Plant from the south. The highway has two paved lanes, one for north and the other for south bound traffic. At the time in question, it was covered with hard snow and ice with snow banks on each shoulder, all of which was covered with a light coat of fresh snow and snow was still falling; it was daylight and the visibility

was good. While Park was driving north, his progress was temporarily blocked by a traffic congestion caused by an accident ahead. He stopped his car directly in line with several cars which were ahead of him. The trial court found the foregoing facts and expressly found that the right wheels of Park's car were two to three feet east of the easterly edge of the hard-surfaced portion of the highway and that one George Armour stopped his car directly behind Park's automobile and that four or five minutes later respondent approached from the rear and skidded into both of those cars, thereby causing the damage in question. There was evidence to the effect that the Park car was stopped about the center of the traffic lane for traffic to the north, that the Armour car did not arrive with the Park car but preceded the respondent's car only a short distance and as it stopped it pulled slightly farther to the east off the highway than the Park car was. These facts would be more favorable to respondent than the facts found by the court, but we are bound by what the court found and not what the evidence would justify it in finding.

Respondent relies on Section 57-7-165, U. C. A. 1943, to support the court's finding that Park was negligent in not driving his car off the highway, which provides: ■

"(a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway."

This section deals only with cases where the driver stops his car on the highway from his own choice and has an opportunity to select the place and conditions of his stop; it was not intended to regulate stopping forced by congested

traffic on the highway where the driver wishes to proceed but cannot because of cars on the highway ahead of him. This is apparent from the requirements that an unobstructed width of the highway be left free for the passage of other vehicles, and that a clear view of such stopped vehicle shall be available for 200 feet in each direction. The legislature could not have intended to require a vehicle whose driver wishes to proceed on his way but is forced to stop on account of congested traffic to pull off to one side and allow other cars to proceed past while he waits for the congestion to clear, and try as he may a driver who is forced to stop by congested traffic has no power to leave an unobstructed passage for other vehicles nor a clear view of his car for 200 feet in each direction. Although such statutes are common and have been on the books many years and been considered in many cases, we have found no case where it is suggested that it governs this kind of a case. We conclude that such statute has no application to this problem.

Park was also not guilty of negligence in failing to drive his car off the traveled portion of the highway onto the shoulder. This is especially true under the facts found by the court that Park's car was stopped directly in line with the cars in front of him and the Armour car was stopped directly behind his car for four or five minutes before both cars were struck by respondent's car skidding into them from the rear.

Nor was Park required in order to exercise due care to warn respondent that there was a line of cars stopped on the road. It does not appear just what warning the court required that he should have given but it is argued that he should have left his car and gone to the rear and flagged the approaching cars down. It is doubtful that such procedure would have been less dangerous than the course Park pursued, for a line of stalled cars can be seen almost as readily as a man on the road. Park was required to

have his car in readiness to proceed as soon as the congested traffic cleared; he could not do this and be back flagging down the approaching traffic. There was a car between Park's car and respondent's which parked safely behind him; under those conditions Park could not reasonably anticipate that his car was in danger of being injured at it was. We conclude as a matter of law that Park was not guilty of contributory negligence. No person could reasonably find that he failed to act as a reasonably prudent person would act under those circumstances.

We have not found any case directly in point, but in the following cases the facts were similar: *Webb* v. *Smith*, 176 Va. 235, 10 S. E. 2d 503, 131 A. L. R. 558; *Conrey* v. *Abramson*, 294 Mass. 431, 2 N. E. 2d 203. Each of those cases involve the stopping of a car on a road under what we think were more dangerous conditions than involved in this case, yet the court held as a matter of law that such driver was not guilty of negligence.

Judgment reversed with directions to proceed in accordance with this opinion. Costs to appellant.

WOLFE, C. J., and McDONOUGH, CROCKETT, and HENRIOD, JJ., concur.