[No. 34747. Department One. November 20, 1958.]

BERT C. LARSON *et al., Appellants,* v. STADELMAN FRUIT, INC. *et al., Respondents.*[1]

*Felthous & Brachtenbach,* for appellants.

*George W. Wilkins,* for respondents.

[1]Reported in 332 P. (2d) 52.

MALLERY, J.—Plaintiffs sued for the damages sustained when their car was struck in the rear by a truck driven by defendant Aichele and owned by defendant Stadelman Fruit, Inc.

At the close of plaintiffs' case, the trial court granted a judgment of non-suit on the ground that plaintiffs were contributorily negligent as a matter of law by stopping their vehicle on the highway in violation of RCW 46.48.290 [cf. Rem. Rev. Stat., Vol. 7A, § 6360-110]. The plaintiffs appeal.

The accident occurred at about 4:30 p. m., October 18, 1956, on U. S. highway 410 between Sunnyside and Granger, approximately two hundred feet west of its intersection with Decker road. It is a two-lane highway and has an up-grade from Decker road west past the point of the accident.

A school bus traveling from west to east had stopped on the highway preparatory to making a left turn into a gro-cery-store driveway, and had its amber left-turn light flashing. Its doors were closed, and it was not loading or unloading, although it had school children aboard.

Appellants and respondent Aichele were traveling in the opposite direction, about one hundred fifty to two hundred feet apart. When appellant driver was about one hundred fifty feet east of the Decker road, he started pumping his brakes so that his brake lights would signal to the respon-dent truck driver behind him that he was slowing down. He did this because of the school bus stopped on the road ahead. When he reached a speed of about five or ten miles an hour at a point twenty to fifty feet from the bus, he shifted into second gear to maintain momentum going up-grade, and came to a stop with his front left-hand window opposite the driver's window of the bus. He waited to see if any children were coming around the rear end of the bus. In a matter of seconds, his car was struck in the rear by respondent Stadelman's truck.

It is respondents' position that the appellant driver was guilty of contributory negligence as a matter of law, by reason of violating RCW 46.48.290, *supra,* by stopping on

the highway where he was not, in fact, required to stop. The statute reads:

"It shall be unlawful for any person to *stop, park,* or *leave standing* any vehicle, whether attended or unattended, upon the paved, improved, or main traveled portion of any public highway outside of cities and towns when it is possible to stop, park, or so leave the vehicle off such paved, improved, or main traveled portion of the highway. In the event that it is not possible to leave the vehicle standing off the paved, improved, or main traveled portion of the highway at least one-half of the width of the roadway shall be left clear and unobstructed for the free passage of other vehicles and a clear view of such stopped vehicle shall be available for a distance of three hundred feet in each direction on the highway.

"This section shall not apply to the operator of a vehicle which is disabled upon the paved or improved or main traveled portion of a public highway in such a manner and to such an extent that it is impossible to avoid stopping and temporarily leaving the vehicle in such position." (Italics ours.)

█ Under the *ejusdem generis* rule of statutory construction, the words "stop, park, or leave standing" mean *park.* The statute is a *parking* statute, not a rule of the road governing the *operation* of motor vehicles. The appellant driver's conduct herein was concerned exclusively with the driving of his car. He did not park or intend to park. The parking statute, therefore, has no application to him or his conduct on the occasion in question.

█ When in the course of driving, as distinguished from parking, a driver finds it necessary or convenient, in view of the traffic conditions confronting him, to bring his vehicle to a stop on the highway, he is required by the pertinent driving rule of the road to give an appropriate signal of his intention so to do. This the appellant driver did in an appropriate and timely manner. RCW 46.60.120. He was, therefore, not guilty of contributory negligence as a matter of law.

The judgment is reversed, and the cause remanded for a new trial.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.