[No. 36489.   Department One.   February 13, 1964.]

JESSE JAMES et al., *Respondents*, v. DON NIEBUHR, *Appellant*.*

*Lycette, Diamond & Sylvester, Martin L. Wolf*, and *Ralph M. Bremer*, for appellant.

*Merges, Brain & Hilyer* and *Gale P. Hilyer, Jr.*, for respondent.

ROSELLINI, J.—The plaintiff Elizabeth James (who will be referred to hereafter as the plaintiff) was injured when the automobile she was driving was struck in the rear by a pick-up truck driven by the defendant. The accident happened on State Highway 1-E, an arterial highway, at a point about 2 miles south of Bellevue, on the afternoon of November 3, 1959. Immediately prior to the collision, the

*Reported in 389 P. (2d) 287.

plaintiff had stopped her vehicle, as a matter of courtesy, to allow traffic to enter the arterial from an access road. The testimony was that both cars had been traveling at speeds from 40 to 45 miles an hour for a distance of about 6 miles in moderate traffic.

On the question whether the plaintiff signaled her intention to stop, the evidence was in conflict, the plaintiff testifying that she pumped her brakes before coming to a stop and thought she had given a hand signal, and the defendant stating that he was looking ahead but saw no hand signal and that the plaintiff stopped suddenly without giving any prior signal with the brake light.

The issues of negligence and contributory negligence were submitted to a jury, which returned a verdict for the defendants. Thereafter, the trial court granted the plaintiff's motion for judgment notwithstanding the verdict, as to liability only, and a new trial for the purpose of assessing damages. The theory of the trial court was that the plaintiff was free of negligence, because there was no evidence that her brake lights were not functioning properly, and consequently she complied with the requirements of RCW 46.60-.120 when she applied her brakes. It was also the theory of the trial court that the defendant was guilty of negligence as a matter of law, in that he failed to keep his vehicle at such a distance behind the vehicle of the plaintiff as was necessary to avoid a collision.

The defendant has appealed, contending that the issues of negligence and contributory negligence were properly submitted to the jury.

RCW 46.60.120 provides in relevant part:

"(1) Any stop or turn signal when herein required shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device . . .
". . .
"(4) (c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

■ This statute contemplates that the driver must do something more than merely apply his brakes in the act of stopping. It requires that the driver give some notice of his intention to stop where there is an opportunity to do so. *Larson v. Stadelman Fruit, Inc.*, 53 Wn. (2d) 135, 332 P. (2d) 52.

In this case, there was ample opportunity for the plaintiff to give a signal of her intention to stop, either by hand or by flashing the brake light in advance, inasmuch as there was no emergency, and no necessity for the stop. There was also no reason for her to assume that the defendant would know that she intended to stop. Since the evidence was in conflict on the question whether she did in fact give an advance warning signal, this question was properly submitted to the jury, and it was error for the court to hold, thereafter, as a matter of law, that the plaintiff was free of negligence.

■ By the same token, it was error to hold the defendant guilty of negligence as a matter of law, since, if the plaintiff stopped suddenly and without warning at a place where a sudden stop was not to be anticipated, the jury was entitled to find that the defendant was not traveling closer to the plaintiff or at a speed greater than reasonable care required under the circumstances. While the following driver has the primary duty of avoiding an accident, he is not guilty of negligence as a matter of law, simply because he collides with a vehicle in front of him. *Nelson v. Brownfield*, 21 Wn. (2d) 898, 153 P. (2d) 877; *Johnson v. Watson*, 11 Wn. (2d) 690, 120 P. (2d) 515; *Trudeau v. Snohomish Auto Freight Co.*, 1 Wn. (2d) 574, 96 P. (2d) 599; *Buss v. Wachsmith*, 190 Wash. 673, 70 P. (2d) 417.

In view of the disposition we have made of this matter, we need not consider a further contention of the defendant that the stop which the plaintiff made was unjustified. If the stop were unjustified, under our holding in *Danley v. Cooper*, 62 Wn. (2d) 179, 381 P. (2d) 747, the plaintiff would have been guilty of negligence *per se*.

The judgment is reversed and the cause dismissed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.