[No. 37763. Department Two. March 10, 1966.]

J. T. YORK et al., *Appellants,* v. ARLEY CHEADLE et al., *Respondents.*[*]

*Stubbs, Batali, Combs & Small,* for appellants.

*Williams, Lanza, Kastner & Gibbs* and *William D. Cameron,* for respondents Cheadle.

*Brumbach & Hennessey,* for respondents Willanger.

PER CURIAM.—This is an action for damages arising out of a three-car accident on the Garfield-Magnolia bridge in Seattle, Washington. All vehicles were traveling in an easterly direction. The automobile of respondents Paul and Harriett Willanger, driven by Harriett Willanger, was in the lead. Appellant Dr. J. T. York, accompanied by Mrs. York, was driving the second vehicle, and respondent Arley Cheadle the third. The posted speed limit was 30 miles an hour.

Near the point of impact, eastbound traffic on the bridge narrows from two lanes to one by virtue of the interposition of an on-off ramp bordered by a concrete bulkhead. Appellant Dr. York asserts that respondent Harriett Willanger stopped her vehicle for no apparent reason near the entrance of the ramp and that he came to a controlled stop behind her. Thereafter, he claims, his vehicle was struck from the rear by the Cheadle vehicle and propelled into collision with the Willanger automobile. Respondent Harriett Willanger denies that she had stopped or even slowed down prior to the collision and claims that she was unaccountably struck by appellants' automobile. Respondent Cheadle says that, before arriving at the bridge, appellants' vehicle,

[*]Reported in 412 P.2d 338.

entering from a side street, precipitously cut in front of him and that shortly thereafter he heard the York-Willanger collision following which he collided with the York vehicle.

Appellants commenced this action, alleging negligence on the part of respondents. Respondents Willanger denied negligence, counter-claimed against and affirmatively alleged contributory negligence on the part of appellants York, and cross claimed against respondents Cheadle. Respondents Cheadle denied all claims of negligence and alleged contributory negligence on the part of the Yorks and Willangers.

All claims were submitted to a jury, which returned a verdict for respondents Willanger against appellants York. All other claims were dismissed with prejudice.

Appellants assign error to the giving of three instructions, by which the trial court submitted to the jury the issues of excessive speed, inadequate observation, and failure to give a stop signal. As to these issues, appellants contend the record is devoid of evidence from which reasonable inferences of culpable negligence on their part could be drawn.

We think the record contains the necessary supporting evidence. The salient evidence may be summarized as follows:

On the morning of the accident the atmosphere was clear, the roadway was slightly damp, and there was raised patchwork upon the surface of the bridge which required motorists to exercise care in passing over it. Appellant Dr. York was due at a downtown clinic at 9 a.m., and had a patient scheduled for that time. He did not, however, leave his home until 9:10 a.m. and was 20 minutes late for his appointment when the accident occurred at 9:20 a.m. After entering the roadway in front of the Cheadle vehicle and reaching the bridge, Dr. York testified he casually observed the Willanger vehicle ahead of him about a third of the way down the bridge[1] and, driving leisurely, did not pay too much attention to it. However, he proceeded at a speed which permitted him to catch up to within two or three car lengths of the Willanger automobile in the vicinity of the on-off ramp. At or about this point, he claims that Mrs. Willanger abruptly stopped. Mrs. Willanger denied that she even slowed down, much less stopped, and that she drove down the bridge at 30 miles an hour up to the very moment of impact.

Prior to the impact and after Mrs. Willanger assertedly stopped, Dr. York maintains he came to a controlled and prolonged stop one car length behind her. Thereafter, he contends, the Cheadle vehicle unexpectedly struck his vehicle from the rear. He, admittedly, did not observe any stop signal from the Willanger vehicle. Neither did he observe, through his rear view mirror, the Cheadle vehicle as it approached from the rear, nor did he give any signal (hand or lamp)[2] of his stop despite his characterization of the stop as controlled and prolonged.

---

[1] Dr. York testified the bridge was about three-fourths of a mile long. The distance separating the vehicles at this point, therefore, would range from several hundred feet to one-fourth of a mile.

[2] See *James v. Niebuhr*, 63 Wn.2d 800, 389 P.2d 287 (1964).

Under the circumstances, we are satisfied the trial court did not err in submitting the challenged issues. Whether Dr. York was traveling in excess of the posted speed or a safe speed on the bridge, failed to properly observe traffic conditions, and/or failed to give a proper stopping signal were questions of fact to be resolved by the jury.

The jury, under proper instructions and upon the basis of unusually conflicting evidence, resolved the disputed issues. We will not disturb its verdict.

The judgment is affirmed.