**Rose Ann LARSEN, Appellant,**

v.

**Daryl Bruce JOHANNSEN, Appellee.**

No. 2–56356.

Supreme Court of Iowa.

July 31, 1974.

Jerry L. Larson and Michael P. Childs, Harlan, for appellant.

Louis, Moore & Kohorst, Harlan, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES, and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This case involves our statute which provides that motorists shall not stop, park, or leave vehicles standing on the traveled portion of highways. Code 1973, § 321.354.

At the time of the events, the traveled portion of a north-south oiled rural highway in Shelby County, Iowa, was 19 feet wide. A rather narrow crushed-rock driveway led to the west from the highway into a farmstead. At the time of the incident, rain had been falling for about two hours, so the highway and the ground were wet. The farmyard was muddy.

Dennis L. Larsen, operating a car in which plaintiff Rose Ann Larsen was a passenger, drove the car from the highway into the driveway, stopped, ran an errand, returned to the car, and backed toward the highway. He stopped at the edge of the highway, looked both ways, and then backed onto the highway, turning the rear of the car toward the south. He then stopped on the highway to change to forward gear, with the car partially on each side of the traveled part of the road.

Just then defendant Daryl Bruce Johannsen, driving his car north on the highway came over a rise and saw the Larsen car on the road ahead of him. Defendant threw on his brakes, skidded his wheels on the wet highway, and hit the right rear part of the Larsen car with the left front part of his car. Plaintiff sustained injuries as a result.

Plaintiff brought this damage action against defendant. Regarding Dennis L. Larsen's stop to shift gears, the trial court instructed the jury under § 321.354 of the Code. Regarding defendant's conduct, the court instructed on the emergency rule.

Plaintiff excepted to these instructions on grounds (among others) which we will set out. The jury found for defendant, and the court entered judgment accordingly. Plaintiff appealed, and in this court she argues her exceptions to those two instructions.

I. *Stop, Park, or Leave Standing Statute.* Section 321.354 of the Code provides:

Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway; provided, however, school buses may stop on highway for receiving and discharging pupils and all other vehicles shall stop for school buses which are stopped to receive or discharge pupils, as provided in section 321.372 [regarding school bus regulations].

Plaintiff does not claim that her driver was not under the pervasive common-law duty of a motorist to use due care when backing or stopping on a highway. 7 Am. Jur.2d Automobiles & Highway Traffic § 227 at 777–778; 60A C.J.S. Motor Vehicles § 301 at 242. We are not dealing with that duty under plaintiff's first exception. Nor are we dealing with a situation in which a driver stops for an extended time, such as up to ten minutes, Cook v. Clark, 186 N.W.2d 645 (Iowa), but rather, with a momentary stop to shift to forward gear after backing onto a highway. Plaintiff claims and rightly we think that in submitting § 321.354 the trial court in effect told the jury that plaintiff's driver was prohibited from making the maneuver he attempted—irrespective of due care.

Statutes prohibiting stopping, parking, or leaving vehicles standing do not apply to every kind of stop on a highway. This court has said, "All voluntary stopping of a vehicle *which amounts to parking or leaving a vehicle standing,* attended or otherwise, with the exceptions stated therein, is prohibited by statute." Pinckney v. Watkinson, 254 Iowa 144, 153, 116 N.W.2d 258, 263 (italics added). The courts hold that maneuvers which are intended to be regulated by other statutes rather than by the anti-stopping statute do not come within the latter statute. Several but not all such cases involve stopping to let oncoming traffic clear before making a left turn. See Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 82 N.W.2d 82; Mann v. Bowman Transp., Inc., 300 F.2d 505 (4 Cir.); Hinkle v. Union Transfer Co., 229 F.2d 403 (10 Cir.); Dromey v. Inter State Motor Freight Service, 121 F.2d 361 (7 Cir.); Alex v. Jozelich, 248 Minn. 27, 78 N.W.2d 440; Fontaine v. Charas, 87 N.H. 424, 181 A. 417; General Ins. Co. of America v. Lewis, 121 Utah 440, 243 P.2d 433; Allied Finance Co. v. Gammill, 440 S.W.2d 897 (Tex.Civ.App.); Larson v. Stadelman Fruit Inc., 53 Wash.2d 135, 332 P.2d 52; Neeley v. Bock, 184 Wash. 135, 50 P.2d 524; Bauer v. Bahr, 240 Wis. 129, 2 N.W.2d 698. See also Knoll v. Kelley, 142 Conn. 592, 115 A.2d 678; Fritz v. York Motor Express Co., 358 Pa. 398, 58 A.2d 12; Comment, 43 Iowa L.Rev. 401.

We do not have the typical situation here of a driver who is proceeding on a highway and brings his car to a stop. We have a different kind of maneuver in which the car is entering the highway from the side. In addition, we have the backing of the car onto the highway and the momentary stopping of it as part of the maneuver. This situation can exist when a garage or driveway is constructed in such way that the driver must back out; he then necessarily must stop before he can go ahead.

We have statutory provisions which deal with such a maneuver as the present one, without completely prohibiting it. Section 321.353 of the Code provides in pertinent part:

The driver of a vehicle about to enter or cross a highway from a private road or driveway shall stop such vehicle immediately prior to driving on said highway and shall yield the right of way to all vehicles approaching on said highway.

And § 321.323 provides:

No person shall operate a vehicle on a highway in reverse gear unless and until such operation can be made with reasonable safety, and shall yield the right of way to any approaching vehicle on the highway or intersecting highway thereto which is so close thereto as to constitute an immediate hazard. ·

On the same rationale as the decisions we have cited, we think that these two quoted sections are applicable to the maneuver involved here and that the section prohibiting stopping is inapplicable. The requirements of care stated in §§ 321.-353 and 321.323 are of course applicable, and the common-law duty of due care also applies. We thus sustain plaintiff's assignment of error relating to submission of § 321.354.

II. *Emergency.* When defendant came upon the Larsen car on the roadway, he had to take immediate action. He set his brakes but his tires skidded on the wet surface. We think the jury could find he was faced with an emergency so that the trial court properly submitted an emergency instruction. Pinckney v. Watkinson, 254 Iowa 144, 116 N.W.2d 258; Vreugdenhil v. Kunkel, 256 Iowa 460, 127 N.W.2d 630; Leinen v. Boettger, 241 Iowa 910, 44 N. W.2d 73.

Plaintiff argues that defendant was negligent; hence the emergency was of his own making and he cannot rely on the emergency rule. But the question of whether defendant was negligent was for the jury. The court restricted the emergency instruction to an emergency "not brought about by his [defendant's] own fault." We find no error here.

The case must be retried because of the error in submitting § 321.354.

Reversed.